# Charles A. Kingan *v.* Pittsburg Traction Company, Appellant.

*Railroads—Master and servant—Negligence—Question for jury.*

Where the evidence tends to show an accident to plaintiff, an employee of a traction company, from a collision which resulted from a defective brake, of which defect the superintendent had notice before the accident, the question is for the jury as to negligence of defendant company in not either remedying the defect or taking the car off the track.

Argued April 27, 1897.  Appeal, No. 135, April T., 1897, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1895, No. 594, on verdict for plaintiff.  Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.  Affirmed.

Trespass for personal injuries.  Before McCLUNG, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $800.  Defendant appealed.

*Error assigned* was (1) Refusal of binding instructions for defendant.

*M. W. Acheson, Jr.,* with him *Geo. C. Wilson* and *Wm. D. Evans,* for appellant.—It is well settled that in an action by an employee against his employer to recover damages for personal injuries, the mere fact of the accident is not enough to establish negligence.  There must be additional and affirmative proof of the particular negligence which caused the accident: Mixter v. Coal Co., 152 Pa. 395.

In the case of a corporation such notice is to be given to the officer who has the care of the particular department; his negligence is the negligence of the company: Patterson v. Railroad Company, 76 Pa. 389; Reiser v. Pennsylvania Co., 152 Pa. 38.

For the negligence of his coemployee the plaintiff, of course, cannot recover from the defendant: Heating Company v. Rohan, 118 Pa. 223.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellee.

OPINION BY ORLADY, J., July 23, 1897:

The defendant's line of traction railroad extended from the business portion of Pittsburg to that part of the city known as East Liberty. The main power house and car barn were located at Oakland, a point along the line of the road about midway between the terminii. In the evening of October 13, 1891, a car No. 16, was standing on the tracks in the barn several feet in front of one No. 17, on which the plaintiff was at the time at work, in placing a headlight in its position on the car. While Kingan was in the only place and position to properly discharge his duty, a car No. 18 struck No. 17 from the opposite end on which he was working and forced him against car No. 16. Injuries resulted which were of sufficient gravity to warrant a verdict in his favor of $800.

The one assignment of error submitted by the defendant, " Under all the evidence plaintiff cannot recover and the verdict must be for the defendant " was refused by the learned trial judge, and the questions of fact were submitted to the jury to determine whether the injury was due to the negligence of a coemployee, and whether proper notice of an alleged defect in car No. 18, to fix the defendant with liability had been given.

An examination of the evidence clearly shows that the injury to Kingan was the direct result of negligence. His duty required him to do his work at a place where he could not see or hear a car approaching from the rear.

The main contention of defendant is, that the notice of the alleged defect was not properly brought to the attention of the defendant company by the proper person, and Patterson v. Railroad Co., 76 Pa. 389, and Reiser v. Penna. R. Co., 152 Pa. 38, are relied upon.

One E. R. McDowell, who at the time was employed by the defendant company as superintendent of the line to look after the operation of the road, gripmen as far as they were running, and the conductors, testified that he was the proper person, and that the dispatcher's office (which was his office) was the proper place, where reports were to be made as to the condition of the rolling stock.

W. H. Marley, the conductor of car No. 18, described the accident as follows : " About noon of that day it was discovered that the brake on the car was not working in a proper manner.

It would catch around curves sometimes, and then let loose, and the brakes were so constructed that the swivel would work loose, and had to be tightened. The ratchet did not hold, and flew back and struck Johnson at Soho Hill; near the Ursuline academy it struck him in the breast and knocked the wind out of him. It did not knock him down, but he staggered back. I went in and took the grip and the first time I pushed it forward it flew back. The notches in the ratchet were worn, and the dog was also worn, and would not hold. At Oakland, at the office of Mr. McDowell I went into the office, and reported the car as being unfit to be on the street. It was a very short notice and they sent a boy about eighteen years of age out to repair the ratchet. I think they sent for the boy up stairs in the shops. The boy filed or tried to fix up the ratchet when the car was in motion, or use. I reported the car as out of condition and working bad, to the boss in the pit at East Liberty, after reporting the defect at Oakland. The boys looked over it a little, and said they did not see anything in particular they could do ; that they would have to run it into the shed, and it would have to be repaired there ; that it could not be repaired there in the proper way." The car was continued in use that afternoon and during the evening the accident occurred.

This witness Marley had served two years as a gripman, and Johnson, the acting gripman of car No. 18, testified substantially the same, and as to the facts immediately preceding the accident, he says : " I stopped outside, as we had orders to do, and looked in and could see my way clear, and started my car very easily and it didn't seem to want to go, and I put more power to it, and I seen it was going to get away from me, and I applied the brakes as hard as I possibly could, and the consequence was we went in and struck car No. 17. The cause of the accident was the brakes. They were not in good order, and would not operate on a curve."

It is not denied that Mr. McDowell's office was the proper place to which notice of a defect in the car should have been given, but it is contended that because there is no affirmative proof that the notice was given to Mr. McDowell in person or to some one authorized to represent him, that the company is relieved from liability. This argument is fallacious, in view of the fact that the effect of the notice was to bring onto the car a proper employee of the company to remedy the defect, of

which the gripman and the conductor had complained. In filing the notches, the boy who acted for the company as its repairman, was there under the order and direction of a superior who represented the company, and it would be straining the decision of Reiser v. Railroad Co., to hold that this was not sufficient notice to the company of a defect, which under the facts in this case could not have been caused by a sudden break in machinery, but was the gradual impairment of a part of a car which was frequently inspected, and was then passed over to the conductor and gripman as a safe appliance with which to do their work.

There is nothing in the evidence to warrant a finding that the gripman of car No. 18 was negligent in doing his work. Shortly previous to the happening of this accident, notice had been given to the man in the pit and to the repairman of the defect, after which the gripman and conductor were informed that the car was safe and they had a right to act on that statement.

It would have been error to have affirmed the point submitted by defendant's counsel, and the judgment in the case is affirmed.