## Garrity v. Pennsylvania Casting and Machine Company.

*Negligence—Master and servant—Caving in of ditch.*

Where a master subjects his servant to dangers such as in good faith he
ought to provide against, he is liable for any accident arising therefrom.

In an action to recover damages for personal injuries by an employee
against his employer, a verdict and judgment for the plaintiff will be sus-
tained where the evidence for the plaintiff, although contradicted, tends to
show that he was employed to lay pipe in a ditch already constructed; that
he was not responsible for negligence in the construction or condition of the
ditch; that the dangerous condition of the ditch was not apparent to him;
that the defendants' foreman in charge of and inspecting the work knew the
place to be dangerous, and gave no warning; and that the defendants failed
in their duty of placing the ditch in a reasonably safe condition before set-
ting the plaintiff to work therein to lay pipe.

Argued May 11, 1901. Appeal, No. 111, April T., 1901, by
defendant, from judgment of C. P. No. 3, Allegheny County,
Feb. T., 1900, No. 65, on verdict for plaintiff in case of Coleman
Garrity v. Pennsylvania Casting and Machine Company. Be-
fore RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before
KENNEDY, P. J.

At the trial it appeared that on August 16, 1899, the plain-
tiff, while in the employ of the defendant company, was seriously
injured by the caving in of a sewer trench in which he was
working. The circumstances of the accident are fully stated in
the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant
appealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*Edwin W. Smith,* with him *F. C. Perkins* and *Knox & Reed,* for appellant.—The danger was apparent: Durst v. Carnegie Steel Co., 173 Pa. 162; McKinzie v. Phila., 46 Leg. Int. 506; Rasmussen v. Chicago, etc., Ry. Co., 65 Iowa, 236; Anderson v. Winston, 31 Fed. Repr. 523.

*F. C. McGirr,* of *Marron & McGirr,* for appellee.—The case was for the jury: Breen v. Field, 157 Mass. 277; Hennessy v. Boston, 161 Mass. 502; Lynch v. Allyn, 160 Mass. 248; Coan v. Marlborough, 164 Mass. 206; Norton v. New Bedford, 166 Mass. 48; Reese v. Clark, 198 Pa. 312.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

The plaintiff was employed by the defendant company to lay pipe in a sewer trench some eight feet deep. While engaged in the work a part of the embankment fell in. The plaintiff was seriously injured. A verdict has been rendered in his favor. The appellants requested binding instructions. The refusal to give them is the only error assigned.

To sustain the assignment the defendants allege that the cause of the accident developed as the work progressed; that the danger to which the plaintiff was exposed was obvious; and that there was contributory negligence in undermining the sides of the trench. Were we to consider these propositions only in the light of the testimony adduced by the defendant company, there is little doubt that we would find some of them applicable. There is, however, testimony on behalf of the plaintiff which contradicts the statements of fact involved. To show this is to answer the appellants' contention. The plaintiff says he was employed as a pipe fitter; but that he had no experience in the laying of pipe in deep trenches. He entered upon his work in a trench some eight feet deep and three or four feet wide. He says that he received no warning from the foreman in charge of the work that the place was dangerous. This foreman on cross-examination admits that the ditch was dangerous. In part it was cut through "made ground." It was not shored up nor sheeted. The evidence for the plaintiff was that the former is necessary for safety in ordinary cases, and the latter, (by which is meant the planking up and supporting of both

sides of the ditch), is necessary where the digging is through "made ground." A part of the ditch, before the plaintiff's employment, was braced, but none thereafter. The defendants' foreman alleges and the plaintiff denies that the latter was warned of danger and was instructed to look after the bracing of the sides of the ditch and was furnished with materials therefor. The plaintiff's witnesses deny and the defendants allege that material was accessible suitable for use in protecting the sides of the ditch. The plaintiff denies and the defendants' witnesses allege that the former undermined the sides of the ditch in the laying of the pipe and thus caused the accident. Two witnesses for the plaintiff testify that the foreman was notified by them of the dangerous condition of the ditch, and that they quit work because of this danger. The plaintiff asserts that the foreman gave him no instructions in respect to the work, save that he was to lay the pipe. The plaintiff's claims upon the testimony adduced in his behalf, were prima facie made out, namely, that he was employed to lay pipe in a ditch already constructed; that he was not responsible for negligence in the construction or condition of the ditch; that the dangerous condition of the ditch was not apparent to him; that the defendants' foreman, in charge of and inspecting the work, knew the place to be dangerous and gave no warning; and that the defendants failed in their duty of placing the ditch in a reasonably safe condition before setting him to work therein to lay pipe; thus bringing the plaintiff's case within the rule that, where the master subjects his servant to dangers such as in good faith he ought to provide against, he is liable for any accident arising therefrom: Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 393; Reese v. Clark, 198 Pa. 319.

From the above review of the facts it seems to us that on the plaintiff's evidence the danger did not arise during the progress of the work, and that the case does not come within the ruling on this subject in Durst v. Carnegie Steel Co., 173 Pa. 162. The question whether the danger of the bank caving in and injuring the plaintiff was so obvious as to make it incident to the employment, was submitted to the jury with instructions substantially following the ruling in Johnston v. Ott Bros., 155 Pa. 17. The allegation that the plaintiff undermined the ditch was

met by his denial that the ditch was in fact undermined. Here was also a question which the court below properly submitted to the jury.

The judgment is affirmed.