## Williams *v.* Clark, Appellant.

*Negligence — Master and servant — Contributory negligence — Perilous work.*

If a master gives a servant to understand that he does not consider the risk one which a prudent person should refuse to undertake, the servant has a right to rely upon his master's judgment, unless his own is so clearly opposed thereto that, in fact, he does not rely upon his master's opinion. A servant is not called upon to set up his own unaided judgment against that of his superiors and he may rely upon their advice and still more upon their orders, notwithstanding many misgivings of his own. The servant's dependent and inferior position is to be taken into consideration, and if the master gives him positive orders to go on with the work, under perilous circumstances, the servant may recover for an injury thus incurred, if the work was not inevitably and immediately dangerous.

In an action by an employee against his employer to recover damages for personal injuries, it appeared that the plaintiff while engaged at work in tearing down a furnace was injured by a plate of the furnace falling upon him. The day before the accident the plate had been loosened, and was laid or inclined against the back of the furnace, which was the only support it then had. Shortly before the plate fell plaintiff was absent about half an hour, and when he returned he found the plate had shifted somewhat from its former position. The defendant who was in personal charge of the work told him to go and pick the brick out of the furnace, and hurry up about it, as he did not want the team to stand there. Plaintiff suggested that the plate should be taken down first. Defendant then said, " Go and do what I tell you to do. The plates is all right. I am looking after them." Two other persons called the defendant's attention to the dangerous position of the plate. One of these persons was told by the

defendant to mind his own business, but two years afterwards defendant told this person that if he had taken his advice, the accident would not have happened. Plaintiff obeyed instructions and began to pick up the brick, with his back to the plate. The work in which he was engaged had no connection with the fall of the plate. *Held*, that the question of defendant's negligence and plaintiff's contributory negligence was for the jury

Argued Oct. 28, 1902. Appeal, No. 42, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T. 1891, No. 533, on verdict for plaintiff in case of W. D. Williams, Administrator of John Reese, Deceased, v. Frank Clark. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STOWE, P. J.

The facts are stated in a previous report of the case, 198 Pa. 312.

Verdict and judgment for plaintiff for $8,339.80. Defendant appealed.

*Errors assigned* among others were various portions of the charge, quoting them.

*C. C. Dickey*, with him *George Shiras, 3d*, and *W. K. Shiras*, for appellant.

*F. C. McGirr*, with him *L. P. Stone* and *John Marron*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903:

This case was here in 1900 (198 Pa. 312) on an appeal by the plaintiff from a judgment of nonsuit granted by the court below on the ground that the plaintiff's negligence contributed to his injuries. We then examined the testimony very carefully and concluded that the plaintiff's alleged negligence was a question for the jury and not for the court. The judgment was reversed and a new venire awarded. The case has again been tried and, resulting in a verdict and judgment for the plaintiff, the defendant has appealed. The appellant now contends that the court below "undertook itself to declare what constituted

negligence on the part of the defendant," and withdrew that question from the jury. It is further claimed that the court committed error in the answers to appellant's requests for instruction.

An examination of the charge clearly refutes the allegation that the learned trial judge usurped the functions of the jury in determining the facts of the case, or in declaring what constituted negligence on the part of the defendant. After referring briefly to some of the undisputed facts, the court in the beginning of his charges said: "The question in the first place is: whether or not the defendant is liable, under the testimony in the case, for that accident; and, if so, whether or not the plaintiff himself, by reason of his careless work, or undertaking work in a dangerous position, so manifestly dangerous as to be apparent to him, is precluded, notwithstanding there was negligence on the part of the defendant, by what we call contributory negligence, from recovering in this case." Again the court says: "With reference to the question of fact in the case you will have to determine it as you are satisfied the weight of the testimony may be." The excerpts from the charge complained of in the assignments read in connection with these and other similar expressions in the charge, show that the learned judge submitted to the jury the question of the defendant's negligence as well as the plaintiff's contributory negligence.

We think the defendant's negligence is apparent from the testimony and that it must have been so regarded on the trial of the case. The principal question for the determination of the jury was the alleged negligence of the plaintiff. When the case was here on the former appeal and the controlling question was the plaintiff's negligence, it was said: "We think the facts in this case bring it within the well recognized rules laid down in the text-books and in our own decisions. The true rule in this as in all other cases is, that if the master gives the servant to understand that he does not consider the risk one which a prudent person should refuse to undertake, the servant has a right to rely upon his master's judgment, unless his own is so clearly opposed thereto that, in fact, he does not rely upon his master's opinion. A servant is not called upon to set up his own unaided judgment against that of his superiors', and he may rely upon their advice and still more upon their orders,

notwithstanding many misgivings of his own.  The servant's dependent and inferior position is to be taken into consideration; and if the master gives him positive orders to go on with the work, under perilous circumstances, the servant may recover for an injury thus incurred, if the work was not inevitably and imminently dangerous."

The rule thus announced was adopted and followed by the court below on the trial now being reviewed.  Under this view of the law, the trial judge submitted to the jury to determine from the testimony the negligence of the plaintiff.

There was no error in the answers to defendant's points. Favorable answers would have withdrawn the case or the determination of some of the facts from the jury.

We gave this case careful consideration when it was here before on substantially the same testimony on part of the plaintiff, and held, against the defendant's contention, that the plaintiff's negligence was for the jury.  In this appeal we are asked practically to review and reconsider our former decision and to hold that the court below erred in not allowing the defendant's first point that " under all the evidence the plaintiff is not entitled to recover."  Notwithstanding the able argument of the appellant's counsel, we are not convinced of our error nor of the necessity of a further discussion of the questions raised here and determined on the former appeal.

The first assignment alleges error in admitting in evidence on the present trial the deposition of Dr. Brooks read on the former trial of the case.  As this assignment is in plain violation of a rule of this court, we cannot consider it.

The assignments of error are overruled and the judgment is affirmed.