# Moleskey *v.* South Fork Coal Mining Company, Appellant.

*Negligence—Master and servant—Mines and mining—Contributory negligence—Reliance on superior officer—Damages—Instructions to jury.*

1. In an action to recover damages for personal injuries sustained by an employee at work in a mine, in consequence of the fall upon him of rock, forming part of the roof of the mine heading, the question of the contributory negligence of the plaintiff could not be withdrawn from the jury, where it appeared that, although he had some reason to apprehend the danger and had complained of it to the superintendent, the latter after testing the roof with a pick, assured the plaintiff that it was safe and instructed him to proceed with his work. A servant is not called upon to set up his own unaided judgment against that of his superiors, and he may under some circumstances rely upon their advice and still more upon their orders, notwithstanding misgivings of his own.

2. An instruction with respect to the measure of damages which, on consideration of the whole charge, is reasonably correct, will not be held reversible error because in one sentence of it the court seemed to say that plaintiff would be entitled to recover wages which he would have earned if he had not been injured rather than the present worth thereof.

Argued Sept. 28, 1914. Appeal, No. 186, Oct. T., 1914, by defendant, from judgment of C. P. Cambria Co., March T., 1913, No. 332, on verdict for plaintiff in case of Tony Moleskey v. South Fork Coal Mining Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before O'Connor, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,380.86, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, instructions to the jury, the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*Percy Allen Rose,* of *Forest and Percy Allen Rose,* with him *H. J. Nesbit* and *Charles C. Greer,* for appellant.—The plaintiff was guilty of contributory negligence: Green & Coates Sts. Ry. Co. v. Bresmer, 97 Pa. 103; Diehl v. Iron Co., 140 Pa. 487; Flaherty v. Construction Co., 243 Pa. 580; Reitler v. Pennsylvania Railroad Co., 238 Pa. 1.

*Philip P. Sharkey,* with him *Robert E. Cresswell,* for appellee.—The case was for the jury: Peters v. Vesta Coal Co., 243 Pa. 241; Patterson v. Pittsburgh & Connellsville R. R. Co., 76 Pa. 389; Reese v. Clark, 198 Pa. 312; Williams v. Clark, 204 Pa. 416; Glew v. Railways Co., 234 Pa. 238; Iseminger v. York Haven W. & P. Co., 206 Pa. 591; Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Killmeyer v. Forged Steel Wheel Co., 243 Pa. 110; Campbell v. Accident Association, 172 Pa. 561; Black v. Philadelphia Rapid Transit Co., 239 Pa. 463.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

The first ten assignments of error relate to the refusal of the court below to affirm certain points submitted by counsel for defendant at the trial. These points in effect asked for binding instructions, and if affirmed, it would have been the duty of the jury to return a verdict for defendant as directed. The defense relied on is most concisely stated in the third point which reads as follows:

"The plaintiff having admitted that he was a miner of twenty-four years' experience prior to the injury in suit, that he was familiar with all the details of mining bituminous coal, including the driving of headways, was

as fully competent to realize the danger from the loosened or displaced rock in the heading which fell and injured him as the superintendent of the defendant, and it was the duty of the plaintiff under all the circumstances, to guard against the consequences of such a dangerous condition in the roof of the said heading, and having admitted that he realized that such danger was imminent, he was not warranted in abandoning his own conviction of such obvious and imminent danger, and in relying upon the judgment or assurance of the superintendent, and continuing his employment under such dangerous conditions, he is guilty of contributory negligence and cannot recover in this suit."

In substance the trial judge was asked by this point to instruct the jury that there could be no recovery in this action because the plaintiff as an experienced miner was as competent to judge of the dangerous condition of the roof as the superintendent, and that under these conditions he was not warranted in relying upon the judgment of the superintendent and in obeying his instructions to proceed with the work of driving the entry. This point is predicated upon the theory that a servant who continues his employment in the face of obvious and imminent danger assumes the risk and cannot recover for injuries received under such circumstances. As an abstract proposition of law this may be said to be of general application and well settled. If Tony Moleskey had acted upon his own judgment on the morning of the accident, after having made his own examination of the roof for the purpose of ascertaining whether dangerous or not, he could not have recovered for the reasons stated in the point. But he did not act upon his own judgment, nor did he rely upon his own examination of the rock in the roof, in determining whether the heading was a safe place to work. He sent for the superintendent and called his attention to the over-hanging rock before proceeding with his work. He suggested to the superintendent that it would be safer to drive the

entry at that point by pick mining and not by a machine with its resulting noise and vibration. The superintendent then took the pick from his hand and sounded the roof for the purpose of ascertaining whether the rock, a part of which was in plain view, was likely to fall. The examination of the roof was made by the superintendent, who after thus testing it for the purpose of satisfying himself of its safety, instructed appellee to use the machine and proceed with his work. The plaintiff testified, not only that the superintendent assured him after making an examination of the over-hanging rock that it was safe, but that he added:

"I got orders from company, I got lots of people waiting on the places. Cut about ten or nine feet and go ahead and that (the rock) is going to stay all the time."

With this assurance from the superintendent appellee proceeded to cut the coal by the machine process and had only driven the entry a short distance when the rock fell and the injuries here complained of resulted. The precise question for determination is whether under these circumstances plaintiff was so clearly guilty of contributory negligence in acting upon the judgment of the superintendent as to warrant the trial judge in giving binding instructions for the defendant. To put it in another form was the question of contributory negligence one of fact for the jury or of law for the court. The answer to this question must necessarily depend upon the facts and these have been briefly stated. In Williams v. Clark, 204 Pa. 416, this court stated the rule applicable to such cases in the following language:

"A servant is not called upon to set up his own unaided judgment against that of his superiors and he may rely upon their advice and still more upon their orders, notwithstanding misgivings of his own. The servant's dependent and inferior position is to be taken into consideration, and if the master gives him positive orders to go on with the work, under perilous circumstances, the servant may recover for an injury thus incurred, if

the work was not inevitably and immediately danger-
ous."

Even the rule as thus stated is subject to the quali-
fication that the servant is not warranted in proceeding
with his work if it was inevitably and immediately
dangerous to do so. But what tribunal shall determine
whether the work was inevitably and imminently dan-
gerous. This necessarily depends upon the facts. It is
sometimes for the court and sometimes for the jury.
In the present case plaintiff had misgivings about the
falling of the rock from the roof of the heading, but he
was not sure about it, and sent for the superintendent
for the purpose of calling his attention to what he ap-
prehended might be an impending danger. When the
superintendent assured him that the rock would not fall
and ordered him to proceed with the work, he obeyed his
instructions. Was he justified as a man of common pru-
dence in acting upon the judgment of the superintendent
under these circumstances? Was the danger so obvious
and imminent as to make it his duty to refuse to con-
tinue work when directed to proceed by the superin-
tendent? Appellant argues that appellee admitted on
the witness stand he knew the danger was imminent, and
by his own admission is precluded from recovering dam-
ages in this action. But in this connection we must
consider all of his testimony in order to understand
what he meant by the word "imminent," which was used
by counsel in asking the question and not by the wit-
ness in answering it. The explanation of the witness
was that while he had misgivings about the safety of
the over-hanging rock, he concluded, after the super-
intendent sounded the same with his pick and assured
him it would not fall, it was safe for him to continue
work. That this was a truthful statement is shown by
the fact that he did continue to perform the work he
was directed to do. He did not know that the rock
would fall, and perhaps no one, not even the superin-
tendent, could have determined definitely in advance

what would happen.   Under all the circumstances of this case we cannot declare as a matter of law that plaintiff was so clearly guilty of contributory negligence as to preclude a recovery.   This was a question for the jury and it was so submitted in a careful and painstaking charge by the learned trial judge.   Ample authority for this position will be found in the following cases: Patterson v. Railroad Co., 76 Pa. 389;  Williams v. Clark, 204 Pa. 416;  Glew v. Railways Co., 234 Pa. 238; Collins v. Coal Company, 241 Pa. 55.

It is also contended, and with much force, that the instructions as to the measure of damages were clearly erroneous and upon this ground alone there should be a reversal with a venire, even if the other assignments should not be sustained.   The instruction complained of is in the following language:

"Then, there is another matter for you to take into consideration.   After you have determined, if you come to that point, that the plaintiff is entitled to recover and what he is entitled to recover considering all the elements which should enter into your consideration, then you consider also that this amount, which he would earn the remainder of his life, would be paid to him at the different periods at which he would earn them."

It is argued that the plaintiff was only entitled to recover for the loss of earning power caused by the injuries sustained, and not the amount "which he would earn during the remainder of his life," and Reitler v. Railroad Company, 238 Pa. 1, is relied on to sustain this position.   In that case the instruction upon the question of damages was vague and indefinite, and no mention was made of the present worth of the loss of future earnings.   Under that instruction the jury had no definite rule to guide their deliberations in arriving at a just verdict.   For these reasons we held the instruction to be erroneous.   In the present case the learned trial judge instructed the jury at considerable length upon all the elements which under the law should be considered

in determining what damages if any the injured employee was entitled to recover. He also instructed the jury upon the question of the present worth of the loss of future earnings, and it was in this connection that the phrase complained of occurred. In another part of the charge the jury were carefully instructed as to the various elements of damages which they might consider in arriving at a proper verdict. This instruction was followed by explaining the meaning of the present worth of anticipated future earnings. The evidence was ample to warrant the jury in finding that the plaintiff was totally and permanently disabled, and that since receiving his injuries had no earning power. The physicians testified to his physical condition and that in their opinion his injuries were permanent. If as a result of his injuries the plaintiff had no earning power, and this condition should continue during the remainder of his life, his earning power would be totally destroyed and he would necessarily suffer a total loss of future earnings. This was evidently the thought in the mind of the trial judge, and if the facts warranted such a finding, we cannot say that the instruction was clearly erroneous. Under the facts of this case, if counsel for appellant desired more specific instructions upon the question of damages, they should have asked for them at the trial. We are of opinion that the jury could not have been misled by anything the learned trial judge said upon the question of damages and the present worth of the loss of future earnings.

Assignments of error overruled and judgment affirmed.