## Broski v. Phœnix Iron Company, Appellant.

*Negligence—Master and servant—Negligence of foreman—Act
of June 10, 1907, P. L. 523.*

In an action for the death of a boy sixteen years old against the
boy's employer, an iron company, a verdict and judgment for
plaintiff will be sustained where the evidence tends to show that
while plaintiff was painting a girder which had been placed on a
gondola car, the foreman directed a second girder to be loaded
without proper bracing on the car, and in completing the loading
so jarred the car as to cause the second girder to fall on plaintiff
and injure him.

Argued Nov. 15, 1915. Appeal, No. 19, Oct. T., 1915,
by defendant, from judgment of C. P. Chester Co., April
T., 1914, No. 71, on verdict for plaintiff in case of Michael
Broski v. Phœnix Iron Company. Before RICE, P. J.,
HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.
Affirmed.

Trespass to recover damages for death of plaintiff's son.  Before BUTLER, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,100.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. H. Gilkyson,* for appellant.

*B. D. Oliensis,* with him *George B. Johnson,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The only complaint presented is that the court erred in refusing to give binding instructions for the defendant. No evidence was offered for the defense and the case is to be disposed of on the evidence introduced to support the action.  From the testimony it appears that the plaintiff's son, a boy about sixteen years of age, was engaged with two other boys in painting a steel bridge girder for the defendant.  This girder was about thirty-five feet long, about five feet high and about one foot wide.  It was located on a "gondola" car in the works of the plaintiff where it had been placed by other employees of the defendant who used a loading crane for that purpose.  It was the business of the three boys to paint the girder as it stood in the car.  The painting was completed on one side and they were engaged in painting the other side.  The work of loading and painting the girders was under the immediate supervision of Garrett Murphy, who had exclusive charge of that department of the work.  While the boys were working another girder of the same size was placed on the car substantially parallel with the first and near the side of the car.  One of the boys who was called as a witness

testified that he did not know this second girder was placed on the car until a little later when he turned around and observed it. There is nothing to show that the plaintiff's son knew of its presence. There was much noise and confusion at the place on account of the character of the work carried on and nothing to show that either of the boys knew of the placing of the second girder until just before the accident occurred. For some reason not disclosed in the testimony the first girder was lifted by the crane and moved closer to the side of the car. It was then lowered to the car floor. It was while this operation was in progress that Zera, one of the witnesses turning around observed the second girder. Regarding the situation as dangerous he went at once to the end of the car and as the girder which was being lowered struck the floor of the car it jarred the car causing the second girder to topple over and fall on young Broski. It had been customary to brace girders of this character when placed on cars, but that was not done in this instance. No warning was given to the boys at work of the peril to which they were exposed until Zera seeing that the girder was about to fall over called out in Polish to the boys to get away, but it was then too late. It appearing that Murphy had charge of, and was directing, the particular work in which the employee was engaged and that the latter was under his direction and was conforming to such direction at the time of the accident there can be no doubt of the responsibility of the defendant for any negligence attributable to the foreman which produced the injury complained of: Act of June 10, 1907, P. L. 523. It was the duty of the defendant to provide a reasonably safe place in which the servants were to work taking into consideration the nature of the service to be rendered by them and if the plaintiff's son was assigned to work on the car at painting the girder it is evident that his situation was made unsafe by setting the second girder on the floor of the car without bracing it when the first

girder was being moved and lowered. The lowering of this girder, weighing many tons, was well calculated to produce such a jar as would overturn the other girder and imperil the boys standing in the car waiting for the replacing of the girder that they might complete the painting. That such girders were liable to fall over when placed on the cars may be inferred from the evidence that they had been theretofore supported by braces and the neglect to hold the second girder in position by some such means when the first girder was being shifted on the car by the crane without warning to the boys of their peril was a fact from which the inference of negligence might properly arise. The plaintiff's son while working under the orders of the foreman was exposed to an unseen peril by the placing of the second girder and in this respect the case is quite like Mapes v. Pittsburgh Provision Co., 31 Pa. Superior Ct. 453.

The evidence does not support the appellant's contention that the plaintiff's son was guilty of contributory negligence. That question was submitted to the jury, however, with appropriate instructions of which no complaint was made and no warrant is found in the testimony to justify a reversal on the theory of contributory negligence.

The judgment is affirmed.