## Zinkewitz v. Cramp, Appellant.

*Negligence—Master and servant—Dangerous place of employ-*
*ment—Vice-principal—Contributory negligence.*

In an action by an employee against his employer to recover
damages for personal injuries, a verdict and judgment for plain-
tiff will be sustained where the evidence tended to show that at
the time of the accident, plaintiff was required by the foreman to
work directly under a platform upon which riveters were working;
that it was possible for heavy tools to fall through the floor of or
over the edge of, the platform; that plaintiff was injured by a
heavy monkey wrench falling upon him from above; that the fore-
man had entire charge of the branch of the business in which plain-
tiff was employed; that plaintiff had called the foreman's atten-
tion to the danger of working under the platform; that the fore-
man had directed him to continue his work; and that in accord-
ance with this order plaintiff continued his work and was injured.

Argued Oct. 16, 1917. Appeal, No. 185, Oct. T., 1917,
by defendant, from judgment of C. P. No. 1, Philadel-
phia Co., June T., 1913, No. 5403, on verdict for plaintiff
in case of Zinkewitz v. Cramp. Before ORLADY, P. J.,
PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before PATTERSON, J.

The opinion of the Superior Court states the circum-
stances of the accident.

Verdict and judgment for plaintiff for $600. Defend-
ant appealed.

*Error assigned* was in overruling defendant's motion
for judgment n. o. v.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellant.
—The case should not have been submitted to the jury:
Miller v. American Bridge Co., 216 Pa. 559; Chambers

v. Mesta Machine Co., 251 Pa. 618; Wochner v. Pa. Engineering Works, 251 Pa. 188; Talbot v. Sims, 213 Pa. 1.

*B. D. Oliensis,* for appellee.—The case was for the jury.—O'Rourke v. Alphons Custodis Chimney Construction Co., 21 Pa. Superior Ct. 52; Franczak v. Nazareth Cement Co., 42 Pa. Superior Co. 263; Gerding v. Standard Pressed Steel Co., 220 Pa. 229; Garrison v. Armstrong & Co., 248 Pa. 402; Moleskey v. South Fork Coal Mining Co., 247 Pa. 434.

OPINION BY PORTER, J., July 10, 1918:

This is an action for personal injuries by an employee against his employer. The plaintiff charged the defendant with negligence in failing to provide him with a safe place in which to work. The plaintiff at the time of the injury was a member of a gang of riggers employed in and about the construction of a vessel at defendant's shipyard. This gang of men worked at different places, as directed by a foreman named Buckley. The plates had been riveted upon the side of the vessel to a height of about twenty feet above the ground and at the time of the accident the plaintiff was required to work directly under where the "bolters-on or riveters" were placing the plates upon the side of the vessel, and the latter were using monkey wrenches and other heavy tools about their work. The platform of the scaffold upon which the riveters were working was constructed of but two boards, with an open space about eight or ten inches wide between them and there was another open space of similar width between the inner board and the side of the vessel. The evidence would have warranted a finding that when the men were ordered by Buckley to work under the platform thus constructed the plaintiff caused Buckley's attention to be called to the fact that it was "a very dangerous place to work under those boards, because something might fall on any of us and injure us" to which Buckley replied

"Go and do your work, and don't be afraid, I will watch you." The men thereupon went to work and while at work, in obedience to the order of the foreman, a heavy monkey wrench fell from above, struck and seriously injured this plaintiff. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals. The only specification of error complains of the refusal of the court to enter judgment in favor of the defendant non obstante veredicto.

The evidence would have warranted a finding that the place in which the plaintiff was required to work was unsafe, unless the riveters were required to suspend operations while the plaintiff was at work under the platform, or the openings between the planks of the platform were closed; that unless one of these things was done, the men working upon the ground were liable to be injured by the fall of a heavy tool, even if the riveters working above exercised ordinary care; the movements of the riveters upon the boards of the insecure platform were liable to jar a heavy tool from its place and cause it to fall through one of the openings. If this evidence was believed the place was not a safe one for the workmen. The plaintiff testified that when he entered the service of the defendant the man who employed him wrote his name in a book in the office and then conducted him to Buckley, the foreman, and said "That is your boss; you have to work, and to obey him." He had worked under the direction and control of Buckley during the entire time of his employment. The evidence clearly warranted a finding that the defendant had placed the entire charge of a distinct branch of its business, in which this plaintiff was employed, in the hands of Buckley as its agent, who was authorized to determine how, when and where the men employed in that branch of the business should work. There was not a scintilla of evidence in the case tending to establish that the officers of the company, or any agent other than Buckley, exercised any discretion or made any effort to discharge the duty of the

employer to take precautions to see that these particular employees were provided with a safe place to work. The question of the authority of Buckley to represent the company in this matter was referred to the jury in a charge of which the defendant does not complain. The question of the negligence of Buckley and of the responsibility of the defendant for that negligence was, under the evidence, a question for the jury: Mapes v. Pittsburgh Provision & Packing Co., 31 Pa. Superior Ct. 458; Broski v. Phœnix Iron Co., 62 Pa. Superior Ct. 305.

The contention of the defendant that the contributory negligence of the plaintiff was a question for the court is not well founded. The plaintiff did, it is true, cause the attention of Buckley to be called to the danger of working under the platform, but the foreman reassured them, told them not to be afraid and ordered them to go on with their work, saying that he would watch them. The foreman could, by a proper signal or direct order, have caused the riveters to suspend operations while the workmen were under the platform, and thus avoided all danger. The plaintiff continued his work under the express order of the foreman, he was not required to set up his own judgment against that of the representative of his employer, and the danger was not so imminent or inevitable that the court would have been warranted in declaring him guilty of contributory negligence; that was a question for the jury: Franczak v. Nazareth Cement Co., 42 Pa. Superior Ct. 263; Moleskey v. South Fork Coal Mining Co., 247 Pa. 434; Garrison v. Armstrong & Co., 248 Pa. 402.

The judgment is affirmed.