# Bogdanovicz *v.* Susquehanna Coal Company, Appellant.

*Negligence—Mines and mining—Master and servant—Duty to instruct—Certified mine foreman.*

1. In an action by a boy eighteen years old against his employer, a coal mining company, to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the testimony of plaintiff corroborated by his other witnesses, although contradicted by the witnesses of the defendant, tends to show that the plaintiff was employed as a mule driver and assigned to his duty by an assistant certified foreman; that while employed, and standing on an iron hook on the side of the car, he was crushed between the car, and a prop or timber on the side of the gangway; that the clearance between the top of the car and the timber at the place of the accident was only about seven inches; that plaintiff was given no instructions or warning when he was assigned to duty as driver;

that he had never been in the gangway before, had frequently ridden upon hooks on the side of the cars, had seen others doing so, and had never been warned against it; that at the time of the accident he could not ride in front of the car because it was loaded with timbers which projected over the front; and that the gangway was not lighted, except by lights on the harness of the mules, and the lights carried by the miners.

2. In such a case the defendant company is not relieved from its duty of instructing and warning a young and inexperienced miner because a certified mine foreman was in charge of the mine.

3. A certified mine foreman is simply an employee of the owner or operator of the mine, and occupies the same relative position to the operator as any other employee, except in so far as the statute has specifically imposed on him certain duties in the mine for the protection and safety of the workmen. Hence it is not his duty, in the absence of a statutory requirement, to instruct young or inexperienced workmen.

Argued Jan. 8, 1913. Appeals, Nos. 188 and 183, Jan. T., 1912, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1909, No. 2923, on verdict for plaintiffs in case of Anthony Bogdanovicz, a minor by his father and next friend, Frank Bogdanovicz and Frank Bogdanovicz, v. Susquehanna Coal Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Anthony Bogdanovicz, the son, for $8,800 and for Frank Bogdanovicz, the father for $1,200. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing defendant's motion for judgment non obstante veredicto.

*W. H. M. Oram*, with him *Sharswood Brinton* and *John Hampton Barnes*, for appellant.—There is no evi-

dence of any negligence for which the defendant is responsible: Rafferty v. National Mining Co., 234 Pa. 66; Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Durkin v. Kingston Coal Co., 171 Pa. 193; Reeder v. Lehigh Valley Coal Co., 231 Pa. 563; Dempsey v. Buck Run Coal Co., 227 Pa. 571; Waddell v. Simoson, 112 Pa. 567.

The evidence disclosed clear proof of the plaintiff's contributory negligence: Reeder v. Lehigh Valley Coal Co., 231 Pa. 563; Vant v. Roelofs, 217 Pa. 535; Kuhns v. Coke Co., 216 Pa. 385; Cisney v. Penna. Sewer Pipe Co., 199 Pa. 519; Scowden v. R. R. Co., 26 Pa. Superior Ct. 15; Auburn v. Tube Works, 14 Pa. Superior Ct. 568; Reading Iron Works v. Davine, 109 Pa. 246.

No duty rested on the mine foreman to anticipate the negligence and carelessness of the plaintiff: Goshorn v. Smith, 92 Pa. 435.

The plaintiff assumed the risk of his employment: Green & Coates Streets Passenger Railway Co. v. Bresmer, 97 Pa. 103; Marsden v. Haigh & Co., 14 W. N. C. 526; Diehl v. Lehigh Iron Co., 140 Pa. 487; Rummell v. Dilworth, 111 Pa. 343; Kaufhold v. Arnold, 163 Pa. 269.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellees.—The employer was properly held liable in this case because he failed to perform the nondelegatable duty of instructing an inexperienced man who was assigned to totally new duties in an unfamiliar part of the mine where conditions were entirely different from those under which he formerly worked: Finnerty v. Burnham, 205 Pa. 305; Wolcott v. Coal & Coke Co., 226 Pa. 204.

Even if the Act of June 2, 1891, P. L. 176, is held to apply to this mine, defendant is not relieved: Smith v. Coal & Iron Co., 186 Pa. 28; Burns v. Vesta Coal Co., 223 Pa. 473; Hood v. Connell Anthracite Mining Co., 231 Pa. 647.

This duty to instruct is not taken away by the Act of June 2, 1891; Wolcott v. Coal & Coke Co., 226 Pa. 204.

Plaintiff's contributory negligence was for the jury: Burns v. Vesta Coal Co., 223 Pa. 473.

OPINION BY MR. JUSTICE MESTREZAT, March 31, 1913:

This is an action of trespass brought by a father and minor son to recover damages for injuries sustained by the son while in the employ of the defendant company. The trial resulted in a verdict and judgment for the plaintiff and the defendant has taken an appeal. There are two assignments and they allege error in the court in refusing to direct a verdict for the defendant, and in dismissing the defendant's motion for judgment non obstante veredicto. The single question, therefore, for determination here is whether there was sufficient evidence to warrant the court in submitting the case to the jury.

The minor plaintiff, about eighteen years of age at the date of the accident, was employed by the defendant for five or six months, at first as a door boy and afterwards as a conductor or helper to the driver of mule teams drawing wagons or "trips" through the gangways of the defendant's mines. On June 26, 1907, the assistant certified foreman in that portion of the mine assigned the boy to duty as a driver. Shortly thereafter the boy while in the discharge of his duties as a driver and standing on an iron hook on the side of a car was crushed between the car and a prop or timber on the side of the gangway and was seriously injured. The clearance between the top of the car and the timber at the place of the accident was only about seven inches. The boy testified that he was given no instructions or warning when he was assigned to duty as a driver; that he had never been in the gangway where the accident occurred prior to this occasion; that he had frequently ridden upon hooks on the sides of the cars, had seen others doing so, and had never been warned against it. He further testified that at the time of the accident he could not ride on the front of the car because it was

loaded with timbers which projected over the front. The gangway where the accident occurred was not lighted except by the lights on the harness of the mules and the lights carried by the miners. The plaintiffs' testimony in this respect was corroborated by other witnesses introduced by him on the trial of the cause.

The defendant alleged and produced testimony to show that the minor plaintiff was familiar with this mine, that he knew the location of the pit props and their nearness to the cars, that he was notified of the danger and was instructed how to avoid it. The defendant also introduced evidence to show that it was dangerous for the driver to ride on the hook at the side of the car, and that the danger was apparent to any person of ordinary intelligence. In a word, the defendant contended and introduced evidence to show that the boy was duly instructed as to his duties and that his injuries resulted from his own negligent conduct.

The negligence complained of in the statement was furnishing to the plaintiff vicious and dangerous mules to be driven by him without warning him of their vicious character, in failing to provide proper and suitable appliances in and about the timbers and cars to properly regulate the passage of the mules and cars, and further "in failing to give to this plaintiff sufficient and proper instructions concerning the existence and nature of the obstructions in and along the premises upon which he was obliged to go in the prosecution of his work."

On the trial the court instructed the jury that there was no evidence to show that the mine had not been properly constructed or that there was any evidence showing that the posts or timbers were not properly located. The learned judge withdrew from the jury the consideration of these questions. He submitted to the jury to determine whether the defendant instructed the boy as to the condition of the mine, the discharge of his duties and the dangers incident thereto, and whether

the boy was notified of the dangers arising from the proximity of the posts to the cars. He told the jury that if the boy knew of these dangers from his familiarity with the mine or mine-working the defendant was not required to instruct or give him notice of them. He also instructed the jury that if the boy's injuries resulted from his own negligent conduct there could be no recovery in the case. These were the only questions submitted to the jury and they were found in favor of the plaintiff.

The defendant company contends that the evidence failed to disclose negligence on the part of the defendant and shows contributory negligence by the boy. The company also claims that if there was failure to instruct the boy as to the proper discharge of his duties it was the failure of a certified mine foreman for whose negligence or failure of duty the defendant is not liable. It is conceded that the defendant's mine foreman and assistant foreman were duly certified as provided by the Act of June 2, 1891, P. L. 176, and it is contended that having complied with the statute in this respect the defendant had performed its whole duty and was not required to instruct a minor or inexperieced employee in regard to the discharge of his duties in the mine.

We think the position of the defendant is untenable. It overlooks the important fact that such instruction is a duty imposed upon the employer and not upon a mine foreman or his assistant who are simply employees of the mine owner or operator. It is true that the statute requires the owner to employ a certified mine foreman and imposes upon him certain duties, the failure to perform which cannot be imputed to the owner or render him liable for the consequence. This we have uniformly held. The statute requires the owner to place the mine under the charge and supervision of a competent mine foreman, and enumerates certain specific duties to be performed by him in the operation of the mine. He has charge of the ventilation, he must examine the gaseous

parts of the mine, he must make bi-daily examinations of the working places, and he must examine and keep safe the slopes, shafts, roads and timber in it. These duties are imposed upon him by the statute which subjets him to punishment if he fail or neglect to properly discharge them. A neglect of such duties resulting in injury to any one renders him, and not the mine owner, liable. To this extent the State assumes charge of the internal working of the mine and for that reason it has been held that for injuries resulting from the mine foreman's negligence the owner is not responsible.

The statute, however, has not relieved the owner from liability for his own neglect or failure of duty. There may be cases in which both the mine foreman and the mine owner may be liable to an injured party. If through any neglect or failure of duty the mine owner causes injury to one of his employees the general rule applicable in such cases subjects the owner to damages for his default. If there is a dangerous condition existing in the mine which is permitted by the negligence of the mine foreman resulting in injury to an employee, the mine owner will be responsible if he has knowledge of the fact and takes no steps to remove it. The owner cannot neglect this duty and escape responsibility. The statute provides that the owner shall use every precaution to insure the safety of the workmen in all cases whether provided for in the act or not.

The duty to instruct a minor or other inexperienced workman in the discharge of his duties is one to be performed by the mine owner or operator, and is not a statutory duty imposed upon the mine foreman. The defendant can only be relieved by pointing to a provision of the statute which imposes such duty on the mine foreman and relieves the owner or operator. The statute must be strictly construed in this respect. Primarily the owner or operator would be responsible for an injury to an employee resulting from the failure to instruct, and to relieve himself he must show some spe-

cific provision of a statute.   In Delaware and Hudson Canal Company v. Carroll, 89 Pa. 374, Mr. Justice PAXSON says: "He (mine foreman) is merely a fellow servant with the miner.   He is nowhere in the act designated as the agent of the owner of the mines.   His duties are specified in the same manner that the duties of the engineer are specified in the 16th section, and as the duties of other employees are defined in various other sections.   He has no general power of control.   His duties are confined to special matters."   It is, therefore, apparent that the mine foreman is simply an employee of the owner or operator and occupies the same relative position to the operator as any other employee, except in so far as the statute has specifically imposed on him certain duties in the mine for the protection and safety of the workmen.   Hence it is not his duty, in the absence of a statutory requirement, to instruct young or inexperienced workmen.

Without referring to the evidence, it is sufficient to say that the alleged contributory negligence of the boy was for the jury and was properly submitted.

The judgment is affirmed.