LEHIGH VALLEY COAL CO. v. LUKASZUNAS.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 85.

1. MASTER AND SERVANT ⬦⟶153(1)—INJURIES TO SERVANT—DUTY OF MASTER
—WARNING.

A master is negligent who sets a servant, regularly employed at work involving no special risk, to perform work involving special risk, without instruction and warning as to the manner of doing the work and the dangers to be anticipated, unless the master knows or has good reason to believe that the servant has sufficient information as to the dangers and how to avoid them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 314; Dec. Dig. ⬦⟶153(1).]

2. APPEAL AND ERROR ⬦⟶930(4)—REVIEW—EFFECT OF VERDICT.

Where the verdict was for plaintiff, each controverted issue on which the testimony was conflicting must be taken as decided in plaintiff's favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3760; 3761; Dec. Dig. ⬦⟶930(4).]

3. MASTER AND SERVANT ⬦⟶149(2)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—BLASTING.

It was negligent for the labor boss of a mine to direct a coal loader, who was not known to be a qualified blaster, to fire a blast to loosen coal jammed in the chutes.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 295; Dec. Dig. ⬦⟶149(2).]

4. MASTER AND SERVANT ⬦⟶151—INJURIES EO SERVANT—DELEGATION OF DUTY
—WARNING.

The master's obligation to warn an inexperienced servant of special risks cannot be delegated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 298; Dec. Dig. ⬦⟶151.]

5. MASTER AND SERVANT ⬦⟶95½—INJURIES TO SERVANT—LIABILITY OF MASTER—ACTS OF ANOTHER.

Where it was a custom in the mine to send a laborer to get the blasting materials from the assistant mine foreman, who was a state officer, in order to take them to an experienced miner, the fact that the assistant foreman gave them to a laborer, who had been ordered to do the blasting himself, but was not qualified, did not exonerate the employer from liability.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 358; Dec. Dig. ⬦⟶95½.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Antanas Lukaszunas against the Lehigh Valley Coal Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendant in error who was plaintiff below. The action was brought to recover damages for personal injuries sustained by plaintiff while working in the coal mines of defendant near Mahoney City, Pa. Plaintiff was employed as a laborer, his work was the loading of coal on cars in the mine, shoveling coal into cars from platforms

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

erected in the gangway at the bottom of various chambers or breasts. He had been so employed for some four years. In its progress down the chute to a platform the mined coal passes one or more barriers, called "batteries," at which it sometimes becomes clogged. When so clogged, the accumulation is broken out with a pick, or, if that will not suffice, with a stick of dynamite. Plaintiff was under the orders of one Wilson, known as the "loader boss," who on the day in question set him to work shoveling coal on one of the platforms. There was a stoppage of coal up near the main battery, and plaintiff went there, carrying the materials for a blast. According to his narrative, no one else was near the battery, he drilled a hole in the dynamite stick, inserted a cap (about an inch long) in the hole, inserted a squib or fuse in the outer, open end of the cap, and was pressing the cap to hold the squib in place, when both cap and dynamite exploded, causing the injuries which he sustained.

Allan McCulloh, of New York City (Clifton P. Williamson and Edward W. Walker, both of New York City, of counsel), for plaintiff in error.

Baltrus S. Yankaus, of New York City (John Vernou Bouvier, Jr., and Wm. Montague Geer, Jr., both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The action is brought at common law and under the Mining Act of Pennsylvania. Act No. 177 of the Session of 1891. That statute, among other things, provides that no person shall be allowed to blast coal unless the mine foreman (a state officer) is satisfied that such person is qualified by experience and judgment to do such work. Article 12, rules 35 and 36. The theory of the plaintiff is that plaintiff was not qualified by experience and judgment to fire a blast; that he had never even received any instructions as to how such work should be done; that the defendant directed him to fire this blast, a dangerous operation, and was negligent in wholly failing to properly and sufficiently instruct him in the preparation and use of dynamite and in failing to acquaint and appraise him of the nature and character of the explosive and to warn him of the dangers to be apprehended from the use thereof. This was the common-law side of the case. Negligence under the statute was charged in violating the rule above referred to by directing plaintiff to charge and fire a blast, knowing that he had no miner's certificate and had not satisfied the mine foreman that he was qualified to do the work. The common law side of the case only need be considered.

[1] It is elementary law that a master is negligent, who sets his servant whose regular work involves in itself no special risk, to perform other work involving special risk, without instruction and warning as to how the work may be safely done and what dangers are to be anticipated—unless the master knows, or has good reason to believe, that the servant has sufficient information as to the dangers to be encountered and how, in practice, to avoid them. This is the law in Pennsylvania. Bogdanovicz v. Susquehanna Coal Company, 240 Pa. 124, 87 Atl. 295.

[2] There was sharp conflict in the testimony as to several propo-

sitions; since the verdict was for the plaintiff each of these controversies must be taken here as decided in his favor. There was testimony which would warrant the jury, if they believed it (much of it came only from the plaintiff himself) in finding the following facts:

(1) The explosion occurred either because plaintiff did not break off the hard end of the squib and in pushing the squib down this hard end scratched the fulminate in the bottom of the cap, or because when pressing the cap in to hold the squib in place he squeezed it too close to the fulminate, thereby causing a disturbance of the same, with friction which induced explosion.

(2) Plaintiff had never been instructed by any one how to put these three things, dynamite, cap and squib, together; he had only such information as an ignorant man would have, who had seen others doing it and might in his observation have overlooked some of the details of their methods.

(3) He was not a man qualified by experience to be put to blast; he was an ordinary loader working with a shovel.

(4) He was under the immediate direction of the loader boss, and was to obey his instructions.

(5) There was in that part of the mine, a man, Boyle, the starter, a certified miner, whose duty it was to blast out the coal when it clogged in the chutes. Sometimes word would be sent to him by a boss loader (or some one else) that blasting of clogged coal would be needed at a particular place. If he had the necessary explosives with him (he was furnished usually with several charges) he would go direct to the place and act. If he needed explosives he would go first to the box kept under lock by the boss loader and get some.

(6) Sometimes the boss loader would send a man to Boyle to tell him to go to a battery and blast, and would give that man the explosives to take to Boyle.

(7) This practice the assistant mine foreman knew of and tolerated. It is not apparent why he should have stopped it; if the unqualified man was merely carrying to Boyle the separate articles, which were harmless thus separated, there seems to be nothing dangerous about it.

(8) The labor boss Wilson did not know that plaintiff was a man qualified to blast. Nevertheless on the day in question the labor boss gave plaintiff these explosives and told him to go and blast at the battery.

[3, 4] We are satisfied that it was negligent in the labor boss to give these explosives to a man, whom he did not know to be a qualified blaster, and to instruct him to use them to fire a blast. Also that for negligence of this sort by the labor boss affecting a man under his orders the owner would be responsible since the master's obligation to warn is not one which he can delegate.

[5] We do not think responsibility for the accident can be shifted off upon the assistant mine foreman (a state officer) on the ground that he saw Wilson give plaintiff this dynamite. He might have supposed that this was done for the not unusual purpose merely of carrying it to Boyle with information as to the place which was clogged.

The question whether any negligence of the plaintiff contributed to the accident was clearly one for the jury upon the proof.

It is unnecessary to consider the few exceptions to the admission of testimony; the evidence introduced under exception was unimportant.

Judgment affirmed.