## Smiers *v.* Ford Collieries Company, Appellant.

*Negligence—Master and servant—Mines and mining—Bituminous Mine Act of May 15, 1893, P. L. 52—Failure to instruct employee.*

1. The Bituminous Mine Act of May 15, 1893, P. L. 52, does not impose on a mine foreman the duty of giving adequate instructions to inexperienced miners, but leaves this responsibility upon the shoulders of the employer.

Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124, followed.

2. Where in an action against a coal mining company to recover damages for injuries to a miner, it appeared that defendant failed to indicate plaintiff's specific duties and also failed properly to instruct him therein, and that he sustained the injury while assisting a fellow employee at the request of the latter, under circumstances from which he was justified in assuming that such fellow employee had a right to make demand upon him for assistance, defendant could not escape liability on the ground that plaintiff was injured while doing work other than that for which he was employed, and a verdict for plaintiff was sustained.

Argued Oct. 11, 1915.   Appeal, No. 5, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 138, on verdict for plaintiff, in case of Frank Smiers, By His Next Friend and Brother, Samuel Smiers, v. Ford Collieries Company, a Corporation.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Supreme Court states the case.

Verdict for the plaintiff for $2,081.50 and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. A. Stone*, of *Stone & Stone*, with him *J. Thomas Hoffman*, for appellant.

*Nelson McVicar*, of *McVicar, Hazlett & Gardner*, for appellee.

OPINION BY MR. JUSTICE STEWART, February 21, 1916:

There was no dispute as to the material facts of the case.   The only matter assigned as error was the refusal of the court to enter judgment for the defendant non obstante.   The contention urged on this appeal is, first, that inasmuch as the Bituminous Coal Act of May 15, 1893, P. L. 52, provides for the instruction of mining employees by the mine foreman, the employer is relieved of all responsibility in that regard; and second, that the plaintiff received his injury while engaged in doing work other than that for which he was employed.   As to the first contention the learned trial judge very correctly held that the Bituminous Coal Act of May 15, 1893, indicates no purpose to impose on the mine foreman the

duty of giving adequate instruction to inexperienced miners, but leaves this responsibility resting where it did before, on the shoulders of the employer. On this point the case is ruled by Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124. As to the second contention, the learned trial judge in his opinion filed thus disposes of it: "If the defendant failed—as it did—to indicate plaintiff's specific duties, and also failed to properly instruct, it cannot take advantage of such failure to avoid liability." It need only be added that the work plaintiff was about when injured was proper and necessary work, rendered in assisting a fellow employee at the request of the latter, who in the absence of any instruction to the contrary, this wholly inexperienced and uninstructed plaintiff had a right to suppose was entitled to make such demand of him. The assignments of error are overruled and the judgment is affirmed.