## Mish *v.* Lehigh Valley Coal Company, Appellant.

*Negligence—Mines and mining—Master and servant—Bituminous Mine Act of May 15, 1893, P. L. 52—Certified mine foreman —Failure to instruct inexperienced employee.*

The Bituminous Mine Act of May 15, 1893, P. L. 52, does not impose on a certified mine foreman the duty of giving adequate instructions to an inexperienced workman in the mine, but leaves this responsibility upon the shoulders of the employer.

Argued Nov. 17, 1916.  Appeal, No. 239, Oct. T., 1916,

28    MISH v. LEHIGH VAL. COAL CO., Appellant.

by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 773, on verdict for plaintiff in case of Joseph Mish v. Lehigh Valley Coal Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass ·to recover damages for personal injuries. Before WESSEL, J.

At the trial it appeared that plaintiff was injured on May 14, 1915, by the falling in of a roof of a gangway in which he had been directed to work by the mine foreman.    It appeared that plaintiff was not a miner, but was employed in loading coal wagons in places free from danger.    He had no knowledge of the danger attending work in the place where he was injured, and had received no instructions from any one as to such danger. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,430.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frank P. Prichard,* with him *P. F. O'Neill* and *John G. Johnson,* for appellant.—The defendant was not responsible for the accident: Durkin v. Kingston Coal Co., 171 Pa. 193; Del. & Hudson Canal Co. v. Carroll, 89 Pa. 374; Waddell v. Simoson, 112 Pa. 567; Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Wolcutt v. Erie Coal Co., 226 Pa. 204; Hood v. Connell Anthracite Mining Co., 231 Pa. 647; Dempsey v. Buck Run Coal Co., 227 Pa. 571; D'Jorko v. Berwind White Coal Co., 231 Pa. 164; Watkins v. Lehigh Coal & Nav. Co., 240 Pa. 419.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.—This duty to instruct is nondelegable and the

fact that the plaintiff was working under the direction of a certified mine foreman does not relieve the employer: Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124; Smiers v. Ford Collieries Co., 252 Pa. 415.

OPINION BY HEAD, J., July 13, 1917:

It cannot be successfully denied the law imposes upon a master or employer certain obligations which he may not delegate to another without making that other a vice-principal for whose negligent act he continues to remain responsible. Among the duties of that character which the master or employer must perform are those requiring him to provide a reasonably safe place wherein his employees may work; another to see that young, ignorant or inexperienced employees are properly instructed and advised as to the dangers that may be incident to the work assigned them. The nature of the obligation on the employer in such matters is well stated by Mr. Justice MITCHELL in Prevost v. Citizens' Ice Co., 185 Pa. 617. In describing the duties or obligations, the performance of which would make one a vice-principal, he says: "or secondly, one to whom he delegates a duty of his own which is a direct, personal, and absolute obligation, from which nothing but performance can relieve him": (Cases cited).

It is well known that under the laws of the Commonwealth a coal mining company is obliged, by statutory regulations, to employ one or more persons called "certified mine foremen." The statutes on this subject require that certain duties be performed by these persons. Naturally and necessarily there is a long line of decisions declaring that where an injury results from the negligence of such mine foreman, in the discharge of the duties imposed upon him by the statute, he, and not the employer, is the person liable. This results from the situation thus briefly but forcibly expressed by Mr. Justice MESTREZAT in Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124: "These duties are imposed upon him (the mine foreman)

by the statute which subjects him to punishment if he fail or neglect to properly discharge them. A neglect of such duties resulting in injury to any one renders him, and not the mine owner, liable. To this extent the State assumes charge of the internal working of the mine and for that reason it has been held that for injuries resulting from the mine foreman's negligence the owner is not responsible."

The single question with which we have to deal in this appeal may be thus stated. A fall of the roof occurred in a gangway of the mine. It was the duty of the mine foreman to make that roof safe and open up the gangway. In the performance of this duty he called to his aid the plaintiff, who had been working in the mine for a considerable time but whose work consisted in loading coal wagons from places free from danger. He was not a coal miner. He had no knowledge of the dangers that might attend work in a gangway where the roof was bad. In the fall from the roof there was a large mass of rock which the mine foreman ordered to be crushed by a charge of powder or dynamite. There is ample evidence to warrant the conclusion that such an explosion would have a tendency to further weaken or damage the roof from which the fall had already occurred. The plaintiff was not instructed by the mine foreman, or by anybody else, of such danger. Following his orders, he assisted in blowing up the rock and this resulted in what the testimony declared would likely follow it, to wit, a further fall from the roof by which the plaintiff was injured.

Unless we can say, with the learned counsel for the appellant, that the failure to instruct this ignorant plaintiff of the danger of the new duty to which he had been called, was the negligence of the mine foreman alone and not of the employer, this judgment cannot be reversed. We are of opinion the case is ruled by Bogdanovicz v. Coal Company, supra, and the later case of Smiers v. Ford Collieries Company, 252 Pa. 415. In both of these cases the exact point before us was before the Supreme

Court.  In the first one cited Mr. Justice MESTREZAT
said: "The duty to instruct a minor or other inexperi-
enced workman in the discharge of his duties is one to
be performed by the mine owner or operator, and is not
a statutory duty imposed upon the mine foreman.  The
defendant can only be relieved by pointing to a provision
of the statute which imposes such duty on the mine fore-
man and relieves the owner or operator.  The statute
must be strictly construed in this respect.  Primarily
the owner or operator would be responsible for an injury
to an employee resulting from the failure to instruct,
and to relieve himself he must show some specific provi-
sion of a statute."  In the other case cited, Mr. Justice
STEWART, speaking for the court in a case where the same
question was raised, declares, "As to the first contention
the learned trial judge very correctly held that the Bi-
tuminous Coal Act of May 15, 1893, indicates no pur-
pose to impose on the mine foreman the duty of giving
adequate instruction to inexperienced miners, but leaves
this responsibility resting where it did before, on the
shoulders of the employer.  On this point the case is
ruled by Bogdanovicz v. Susquehanna Coal Co., 240 Pa.
124."

It appears to us, if we apply to the facts of this case
the doctrine so clearly announced in the decisions we
have quoted, there remains for us nothing to do but over-
rule the assignments of error.  We accordingly overrule
them.

The judgment is affirmed.