# Watkins, Appellant, v. The Lehigh Coal & Navigation Company.

*Negligence—Mines and mining—Mine foreman—Gas explosion.*

1. The owner or operator of a coal mine cannot be held liable for the negligence of a properly qualified mine foreman, or for his failure to comply with the provisions of the Act of June 2, 1891, P. L. 176, inasmuch as the law imposes the necessity of employing a foreman, and the duties of the foreman are prescribed by law.

2. The lower court was correct in entering judgment for defendant n. o. v., in an action against a mining company to recover damages for the death of plaintiff's husband, a miner, who had been killed by an explosion of gas in the mine in which he was working, where it appeared that the explosion was caused by the negligence of an assistant fire boss, who had made an examination for gas, without the use of a safety lamp; that it was the duty of the mine foreman or his assistant to make the examination for gas; that the assistant fire boss was assigned to this work by the mine foreman or his assistant, and there was no evidence to show that the assignment was made with the consent or knowledge of the defendant company or any of its employees. It was not sufficient to show that the assistant fire boss was frequently at the colliery, and to argue from this that it must have been known to one of the defendant's superintendents that he had been assigned to the duty which he undertook to perform.

Argued March 11, 1913. Appeal, No. 41, Jan. T., 1913, by plaintiff, from judgment of C. P. Carbon Co., Oct. T., 1912, No. 14, on judgment for defendant n. o. v. in case of Emma Watkins v. The Lehigh Coal and Navigation Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

Verdict for plaintiff for $6,000. Defendant made a motion for judgment n. o. v.

HEYDT, P. J., filed an opinion in part as follows:

The defendant assigns two reasons for which it contends its motion for judgment n. o. v. must prevail:

First, because the plaintiff's decedent was guilty of contributory negligence.

Second, because the plaintiff failed to prove any negligence on the part of the defendant which was the proximate cause of the accident.......

At shaft No. 5, at the defendant's mine, Thomas J. Jenkins was the assistant division inside superintendent; John Reeves was the mine foreman, and David Emanuel was the fire boss. These officials were all legally qualified as mine foremen.

On the day of the accident, and for a considerable time before, Condy McHugh, an "assistant fire boss," made the examination for gases at the point where Watkins was sent to work and subsequently killed. That McHugh was not legally qualified to perform the duties of a mine foreman or an assistant mine foreman is fully established.

Article 12, Rule 5, of the Act of June 2, 1891, P. L. 176, declares:

"In mines generating explosive gases, the mine foreman or his assistant, shall make a careful examination every morning of all working places and traveling roads and all other places which might endanger the safety of the workmen, before the workmen shall enter the mine,

and such examination shall be made with a safety lamp within three hours at most before time for commencing work, and a workman shall not enter the mine or his working place until the said mine or part thereof and working place, are reported to be safe. Every report shall be recorded without delay in a book which shall be kept at the colliery for the purpose and shall be signed by the person making the examination."

That it was the duty of Reeves or Emanuel to make the examination for gases at the point where the explosion took place which killed Watkins under this rule is admitted on all sides.

That the mine owner or operator cannot be held liable for the negligence of a properly qualified mine foreman or for his failure to comply with the provisions of the act, since the law imposes the necessity of employing a foreman and his duties are prescribed by law is settled in a long line of decisions, some of which are: Delaware & Hudson Canal Co. v. Carroll, 89 Pa. 374 (1879); Waddell v. Simoson, 112 Pa. 567 (1886); Lineoski v. Susquehanna Coal Co., 157 Pa. 153 (1893); Durkin v. Kingston Coal Co., 171 Pa. 193 (1895); Hall v. Simpson, 203 Pa. 146 (1892); Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204.

The Employers' Liability Act of June 10, 1907, P. L. 523, does not alter the doctrine of the Durkin case: D'Jorko v. Berwind-White Coal Min. Co., 231 Pa. 164; Pauza v. L. V. Coal Co., 231 Pa. 577.

This is the rule even though the mine foreman hires and discharges men: Hood v. Connell Anthracite Mining Co., 231 Pa. 647.

There is no testimony in the case impugning in the least degree the fitness, the competency, or the qualifications of Reeves and Emanuel for the positions they held. The plaintiff's counsel also candidly admitted upon the argument that no liability was imposed upon the defendant by the negligence of Reeves or Emanuel.

The fatal element in the plaintiff's case, as it seems to us, is, that if there was negligence in not sufficiently inspecting the portion of the mine where Watkins was employed, it was the negligence of the mine foreman and the assistant mine foreman, which under the authorities cannot be imputed to the defendant.

The plaintiff admits, as we understand his contention, that if Reeves or Emanuel assigned McHugh to the job of making the examination for gases, of their own accord, then the plaintiff cannot recover. The plaintiff, however, contends strenuously that Thomas J. Jenkins, the assistant division inside superintendent, knew of and sanctioned the appointment of Condy McHugh to the position of making the examination for gases in this mine, and that his acts and knowledge are binding upon the defendant. That his acts and knowledge are binding upon the defendant is conceded. Then the inquiry narrows itself down to the acts and knowledge of Jenkins. All the testimony on this subject is that of Reeves, who says (p. 19):

"Q. Whether when you took Con. McHugh to be assistant mine foreman at the colliery, and had him for a period of time, about six months or upwards, whether you did not discuss with your superior, T. J. Jenkins, the fact that Con. McHugh was not a certified foreman, or assistant mine foreman, before you employed him? A. I recommended him as a good miner, practical man.

"Q. Whether you discussed with your superior before you put that man on the job, the fact that he had no certificate—answer yes or no? A. Yes.

"Q. After discussing that fact did you and your superior conclude then that you should take him on the job as assistant fire boss? Objection by defendant as asking for an inference. Objection sustained.

"Q. Well, did you decide then and there—Did Jenkins authorize you then to take McHugh as fire boss at that colliery? A. Yes, after he went to the 'squire and took an affidavit.

"Q. That is, Jenkins authorized you to take McHugh as fire boss after McHugh would go to the 'squire and take an affidavit as to his experience as a miner? A. Yes."

On cross-examination:

"Q. This oath you referred to a minute ago in answer to counsel's question was an oath required by the mine law? A. Yes, sir."

Act of June 2, 1891, Article 8, Section 9, P. L. 176, 191, reads:

"No person shall be permitted to act as fire boss in any coal mine or colliery, except he has had five years' practical experience in mines as a miner, three of which he shall have as a miner wherein noxious and explosive gases are evolved, and the said fire boss shall certify to the same before entering upon his duties before an alderman, justice of the peace, or other person authorized to administer oaths and a copy of said deposition shall be filed with the District Inspector of Mines, wherein said person is employed."

Putting the construction upon this testimony most favorable to the plaintiff, Jenkins, the assistant division inside superintendent, authorized Reeves, the mine foreman, after discussing with him that McHugh had no certificate, to take McHugh as fire boss at the colliery after McHugh would go to the 'squire and take an affidavit. Jenkins, no doubt, had in mind the requirements of the act. He was cautious to what he assented. He agreed to a perfectly legitimate transaction. We are not called upon to decide what duties McHugh would have been qualified to perform if he had gone before the justice, taken the oath required by the act and filed it with the district inspector of mines, and then been appointed a fire boss, because McHugh never took the oath, and that question does not arise. The question before the court is whether there is any testimony from which it reasonably could be inferred, or which would warrant a jury in finding that Jenkins sanctioned

or authorized the appointment of McHugh to examine the mine for gases. Negligence must be affirmatively proved. Jenkins authorized Reeves to do a perfectly legitimate thing, nothing more. This is not negligence nor evidence of negligence.

Plaintiff, however, argues that even if Jenkins did not authorize or sanction, or know of the employment of McHugh to examine for gases in the first instance, that he (and the defendant consequently) must have known, Jenkins having been "at the colliery repeatedly."

Considering the facts in this case, the size and condition of the mine, we are of opinion that it is incumbent upon the plaintiff in order to charge the defendant with negligence to prove more than that its assistant division inside superintendent was "at the colliery repeatedly," before the question of the defendant's knowledge of the negligence of its mine foreman can be submitted to a jury.

Mr. Justice Green, in Lineoski v. Susquehana Coal Co., 157 Pa. 153, at page 167, says:

"An examination of the authorities shows that whether the negligence of the fellow workman continues for a long or short time, the application of the rule of nonliability is not affected."

At the trial the court affirmed the defendant's fifth point, which was:

"That there is no evidence in the case to show that Thomas J. Jenkins consented to or had knowledge that McHugh was performing the duties of an assistant mine foreman at No. 5 colliery."

A careful reading of the testimony with regard to this point has satisfied us that the point was correctly affirmed.

We are of opinion that there was not sufficient testimony of the defendant's negligence in the case to warrant its submission to the jury; that the defendant was entitled to binding instructions; and binding instructions having been refused, the defendant is entitled to

have its motion for judgment n. o. v. upon the whole record allowed.

Now, December 31, 1912, the defendant's motion is allowed, and judgment is entered in favor of the defendant non obstante veredicto.

Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant n. o. v.

*Daniel W. Sitler,* with him *James M. Breslin,* for appellant.

*George M. Roads,* with him *Freyman, Thomas & Branch,* for appellee.

PER CURIAM, April 21, 1913:

The judgment is affirmed on the opinion of Judge HEYDT, entering judgment for the defendant non obstante veredicto.