# Collins v. Northern Anthracite Coal Co., Appellant.

*Negligence—Mines and mining—Master and servant—Relative duties of mine owner and mine foreman—Act of June 2, 1891, P. L. 176—Contributory negligence.*

1. A mine owner is not liable for the negligent acts of a mine foreman, committed in the discharge of duties imposed upon him by law, and in and about those workings over which he exercises supervision, but he is liable for the failure of duties laid upon him by statute, and particularly where there is evidence that the mine superintendent, an employee of the owner, has been notified of a failure to use proper precautions for the safety of the workmen, and has failed to remedy the danger. If any matter injuriously affecting the health or safety of the miners is brought to the attention of the owner, it is his duty to take proper steps to correct it.

2. The Act of June 2, 1891, P. L. 176, makes it the duty of the mine owner to provide the necessary props to sustain the roofs of the chambers of the mine, and to deliver them to the workmen as near to their working places as they can be conveyed in ordinary mine cars, and provides that a failure to do so shall be taken to be negligence per se, in an action for the recovery of damages for an accident resulting from the insufficient propping of the mine, through failure to furnish the necessary props.

3. Plaintiff, a miner employed in defendant's mine, gave notice to the superintendent that props were needed to sustain the roof of the chamber in which he was working, and that the mine foreman had neglected to supply them, although requested to do so. The superintendent promised him that they would be sent immediately. The props were not sent, and plaintiff, after sounding the roof on the morning of the accident and finding it safe as he thought, began work, when the roof fell in and crushed him. *Held,* the questions of the negligence of the defendant and the contributory negligence of the plaintiff were for the jury, and a verdict and judgment in favor of plaintiff was sustained.

56 COLLINS *v.* NORTHERN A. COAL CO., Appellant.

Argued March 18, 1913.   Appeal, No. 32, Jan. T., 1913, by defendant, from judgment of C. P. Sullivan Co., May T., 1911, No. 22, in case of Mary C. Collins, Administratrix of Patrick Collins, deceased, v. Northern Anthracite Coal Co.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before TERRY, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,000, and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment non obstante veredicto.

*M. J. Martin,* with him *M. J. Murray, Jr.,* and *E. J. Mullen,* for appellant.—Deceased assumed the risk that his fellow-servants might be negligent: Waddell v. Simpson, 112 Pa. 567; Lineoski v. Coal Co., 157 Pa. 153.

The certified mine foreman is still a fellow-servant: Rafferty v. Mining Co., 234 Pa. 66; D'Jorko v. Berwind-White Coal Co., 231 Pa. 164; Durkin v. Coal Co., 171 Pa. 193; Golden v. Mt. Jessup Coal Co., 225 Pa. 164.

All the employees about the mine were fellow-servants: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Durkin v. Coal Co., 171 Pa. 193; Mulhern v. Lehigh Valley Coal Co., 161 Pa. 270.

The defendant company is not liable if it supplied the props and turned them over to the mine foreman for use: Golden v. Mt. Jessup Coal Co., 225 Pa. 164; Dempsey v. Buck Run Coal Co., 227 Pa. 571; D'Jorko v. Berwind-White Coal Mining Co., 231 Pa. 164.

The defendant company is not liable if the mine foreman failed to deliver the props: D'Jorko v. Coal Co., 231 Pa. 164; Bisko v. Braznell Gas Coal Co., 223 Pa. 186.

*Chas. M. Culver,* with him *John G. Scouten* and *David E. Kaufman,* for appellee.


OPINION BY MR. JUSTICE POTTER, May 12, 1913:

This was an action of trespass brought by Patrick Collins against the defendant company to recover damages for personal injuries alleged to have resulted from negligence of the defendant. After the suit was brought plaintiff died, and Mary C. Collins, his administratrix, was substituted as plaintiff. It appears from the evidence that Patrick Collins was employed by the defendant as a coal miner. While engaged in a mine of the defendant on March 6, 1909, he was seriously injured by a fall of coal or rock, and in consequence of such injuries died on March 20, 1912. The specific negligence with which the defendant was charged was failure to deliver necessary props to sustain the roof of the chamber, where Collins was working, after he had given notice to the superintendent that such props were needed, and that the mine foreman had neglected to supply them although requested to do so. The Act of June 2, 1891, P. L. 176, Art. XI, Secs. 1 to 3, inclusive, provides that it shall be the duty of the mine owner to prepare such props and deliver them to the workmen as near to their working place as they can be conveyed, in ordinary mine cars; and provides that a failure to do so shall be taken to be negligence per se in an action for the recovery of damages for accidents resulting from the insufficient propping of such mine through failure to furnish the necessary props. The testimony on the part of plaintiff tended to show that Collins had not been working for six or seven days before the day he was hurt, and that the day before he quit working he placed on the slate at the head of the shaft, the number of his chamber, and the number of props he wanted, and indicated the length required. He stated that he had also put an order on the slate some two days before that, but the props were not delivered to him. Accord-

ing to this testimony on the night before he quit work, after he had renewed the order on the slate, he met the mine superintendent, Peter Murray, at the head of the slope, and told him in the presence and hearing of the witness that he had ordered props and they had not come; that he had also told Mr. May, the mine foreman, about them, and if he did not get them he would have to quit work. Murray, the superintendent, said he would see that they were sent to him right away. It appeared that the witness, Robert Dempsey, who was an assistant to the injured miner, worked by himself in the Collins chamber on Thursday and Friday of the week in question, and on Saturday Collins returned to work again. Between the time Collins talked with the superintendent and his return to work, no props or timbers of any sort were delivered to his chamber, and at the time of the accident it was stated that there were none in the chamber except those which had been previously set up. There was a railroad track on which the mine car ran in and out, and which could be brought within six or eight feet of the face of the workings. The witness Dempsey said that when Collins came to the chamber on the morning of the accident he took a pick and sounded the roof and said it was all right. Then he began work and shot down some coal, and began to load the car with it when the roof fell and crushed him. On cross-examination, the witness said that he knew props had been sent into the mine for Collins's chamber, but could not say how long it was before the accident. The testimony of witnesses for the plaintiff as to the failure to deliver the props was contradicted by witnesses called on behalf of the defendant, and this disputed question of fact was left to the jury.

If there was a failure to furnish props, and if this failure was the fault of the mine foreman alone, there could not be a recovery from the mine owner. In Reeder v. Coal Co., 231 Pa. 563, Mr. Justice ELKIN said (p. 575) : "It has been held in a long line of cases that the

mine owner is not liable for the negligent acts of a mine foreman committed in the discharge of duties imposed upon him by law and in and about those workings over which he exercises supervision. From Lehigh Valley Coal Co. v. Jones, 86 Pa. 432, and Durkin v. Kingston Coal Co., 171 Pa. 193, to Golden v. Mount Jessup Coal Co., 225 Pa. 164, this rule has remained unbroken. It may, therefore, be said to be settled law." But in the present case there was evidence which showed that the superintendent was notified of the necessity for props, and of the failure of the mine foreman to furnish them, and that the superintendent then said he would see that the props were sent right away. This evidence brings the case within the operation of the principle declared in Dempsey v. Coal Co., 227 Pa. 571, where Mr. Justice Mestrezat said (p. 579) : "While the owner is not responsible for the neglect of the duties imposed by statute upon the mine foreman, the former must nevertheless 'use every precaution to insure the safety of the workmen.' If any matter injuriously affecting the health or safety of the men is brought to his attention it is his duty to take the proper steps to correct it. If to the owner's knowledge the mine foreman or any other employee is neglecting the performance of his duties or the mine is in a condition which endangers the health or safety of the workmen, it is the duty of the owner to act promptly and have the dangers to the safety of the men removed." The mine owner is liable for the negligence of the superintendent of the mine: Reeder v. Coal Co., 231 Pa. 563; Pauza v. Coal Co., 231 Pa. 577. Where the mine foreman also acts as superintendent, the owner is responsible for his negligence while acting in the latter capacity: Hood v. Mining Co., 231 Pa. 647. The trial judge was, therefore, right in submitting to the determination of the jury as matter of fact, the question whether defendant failed to furnish the necessary props. If it did fail to furnish them

at the proper place when requested, it was under the statute guilty of negligence per se.

But it is pointed out that in Section 2, Article XI, Act of June 2, 1891, P. L. 176, it is provided that a workman in want of props shall notify the mine foreman of the fact, and "in case of danger from loose roof or sides, he shall not continue to cut or load coal until the said props and timbers have been properly furnished and the place made secure." And it is contended that in this instance Collins was guilty of contributory negligence in cutting and loading coal before the props for which he had asked were received. But under the testimony, the court could not pronounce upon this question as matter of law. The prohibition of the statute is against working in case of danger. The evidence shows that before he began work on the morning of the accident Collins took a pick and sounded the roof to see if it was safe. It appeared to him to be safe enough to work under, and with this conclusion his helper seems to have agreed, although the result showed that it was a mistake. But the question of danger under the circumstances was one of fact for the jury. The trial judge instructed the jury that if the situation was so openly and plainly dangerous that a man of common prudence would not have worked under the roof until the props had been placed, then Collins was guilty of contributory negligence and could not recover. No question is raised as to the sufficiency of the charge, or as to the admission or exclusion of evidence. We agree with the court below, that the case was for the jury, and that binding instructions in favor of the defendant could not properly have been given.

The assignments of error are overruled, and the judgment is affirmed.