## Rau v. Pittsburg-Buffalo Company, Appellant.

*Negligence—Mines and mining—Defective machinery—Mine foreman —Mine superintendent—Acts of May 15, 1893, P. L. 52, and June 9, 1911, P. L. 756.*

A workman in a coal mine who was injured while working at an electric cutting machine which had been allowed to become and remain in an unsafe and dangerous condition after notice to the machine boss of its defective state, may recover damages from the mining company, his employer, if he establishes the fact that the mine foreman had nothing to do with the defective machine, but that it was entirely under the charge of the machine boss with the knowledge and acquiescence of the company.

Argued April 22, 1913. Appeal, No. 170, April T., 1913, by defendant, from judgment of C. P. Washington Co., Feb. T., 1912, No. 1,029, on verdict for plaintiff in

580    RAU *v.* PITTSBURG–BUFFALO CO., Appellant.

Statement of Facts—Opinion of the Court.    [54 Pa. Superior Ct.

case of John Rau v. Pittsburg-Buffalo Company.    Before
RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD
and PORTER, JJ.    Affirmed.

Trespass to recover damages for personal injuries.
Before TAYLOR, J.

Verdict and·judgment for plaintiff for $250.    Defend-
ant appealed.

*Error assigned* was in refusing binding instructions for
defendant.

*R. W. Irwin,* with him *J. A. Wiley,* for appellant.—
It was the duty of the mine foreman to see that the
machines were kept in repair: Reeder v. Lehigh Valley
Coal Co., 231 Pa. 563; Rafferty v. National Mining Co.,
234 Pa. 66; D'Jorko v. Berwind-White Coal Co., 231 Pa.
164.

*Alex. P. Reed,* with him *Osborne Mitchell,* for appellee,
cited: Hood v. Connell Anthracite Mining Co., 231 Pa.
647.

OPINION ·BY ORLADY, J., October 13, 1913:

The plaintiff, while operating a cutting machine in the
defendant's coal mine, was injured by a dog or ratchet
slipping out of a cogwheel on the machine, so as to
cause a piece of metal pipe that was used as a handle
or lever to fly up and strike him in the face.    Some eight
days prior to the accident, the plaintiff reported to the
machine boss, that this particular piece of machinery
was not in safe condition—that it would allow the
ratchet to slip,—and was then told by the machine
boss—that there was nothing wrong—and was directed
to "Stick to it and I'll go out and fix it."    No repairs
were made, and the plaintiff received the injuries for
which this suit is brought to recover damages, while
working in his proper place, with the machine which

had been furnished to him by the defendant to do its work. The principal contention on the trial, was whether the mine in which the plaintiff was working was exclusively under the charge of a duly certified mine foreman, as provided by the Act of May 15, 1893, P. L. 52, and supplemented by the Act of June 9, 1911, P. L. 756.

Article 4, of sec. 1, of this latter act provides: "The mine foreman shall have full charge of all the inside workings and all the persons employed therein, in order that all the provisions of this act so far as they relate to his duties shall be complied with, and the regulations prescribed for each class of workmen under his charge carried out in the strictest manner possible." It is conceded that the defendant did select a machine repair boss, whose duty it was to repair the electric cutting machines, but it is urged that he was under and subject to the control of the mine foreman, whose duty it was to see that the electrical wires and the machines connected with the haulage system were kept in safe repair, and that the defendant never assumed charge of any part of the underground workings nor ever relieved the mine foreman of any of his duties.

To fairly raise this question on the trial of the case, the defendant submitted as his second point for charge, the following: "The state mining law gives the mine foreman complete charge of all operations inside the mine, and especially all operations which involve the safety of the men, and there can be no recovery in this case for any neglect upon the part of the mine foreman in charge of the defendant company's mine for the reason, that the state makes the mine foreman its representative and vests in him the determination of all questions relating to the security of the mines, with power to compel compliance with his directions."

This point was affirmed by the trial judge, and it was left to the jury to determine whether or not the duty devolving on the mine foreman, who was a state official, had been delegated to another person, who was not a

state official, with the knowledge and acquiescence of the defendant company. This submission was just what was requested by the defendant and the jury answered it by the verdict,—which means that the mine foreman did not have the exclusive control of this particular machine at the time the plaintiff received his injuries, but that the direct oversight of this machine with its appliances was under the charge of the superintendent of the mine.

It being purely a question of fact, and it being fairly submitted to the jury, so that we must accept the verdict as conclusive of this branch of the case.

The second contention is, that there was not sufficient evidence to warrant the jury in finding that the defendant was negligent in furnishing an unsafe or defective machine. There is no evidence if believed to sustain the claim that the machine was not in good order when it was furnished to the plaintiff, but a careful examination of the testimony satisfies us, that there was sufficient evidence to warrant the finding by the jury, that some days prior to the accident, direct notice was brought to the machine boss, who was delegated by the superintendent to have charge of this machine, that it was in need of repair, and that with notice of the specified defects the plaintiff was directed by the machine boss to continue to work with it, and was assured that the necessary repairs would be made, and further that the defect in the machine was not of such a character as to threaten immediate danger, and the plaintiff was justified in continuing to use it, and rely on the promise to make proper repairs and put it in good condition.

An interesting, and possibly the correct theory of the accident is presented by the defendant's counsel in regard to its real cause, but we cannot trespass on the province of the jury in considering it.

These statutes have been considered by the appellate courts in many cases and the legislative intention has been rigidly enforced so as to carry out their beneficent

provisions.   The mine foreman is required to be a competent and practical inside overseer, and his duties, as defined by the acts of assembly, are to be performed on the inside, and not on the outside of the mine.   All the internal workings of the mine are in his control and subject to his direction and management.   In this position he is supreme, and the superintendent, who is the representative of the owner, cannot interfere with him in the discharge of his duties.   But a duly certified mine foreman is confined by the statute to defined duties, and is limited to the discharge of them.   He cannot hold a dual relation to the company, as he is required by the statute to devote "the whole of his time to his duties in the mine when in operation."   The act does not relieve the owner from liability for an unsafe mine or an unsafe appliance in it, except when he strictly complies with it, and, then it does not relieve him if he has knowledge through his superintendent that the mine foreman is incompetent and that the mine is unsafe: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204.   The same rule applies where the owner has knowledge of an unsafe appliance or machine.   The duty of the mine foreman cannot be delegated to anyone, and thus avoid liability. Nonperformance of such duty is negligence per se, and the rank or title of the servant who neglects this duty is not material; if the act or thing done resulting in injury to the employee, was a duty imposed on the employer, then the negligent performance of it by an employee of any grade will render the employer liable: Mingak v. Vesta Coal Co., 51 Pa. Superior Ct. 584; Reeder v. Lehigh Valley Ore Coal Co., 231 Pa. 563.

The verdict further means, and there is sufficient evidence to warrant the finding, that the mine foreman's duty which was delegated to the machine boss, was negligently performed, in that the electric cutting machine was allowed to become and remain in an unsafe and dangerous condition, after notice of its defective state.

The disputed questions of fact were fairly submitted to the jury in an ample and adequate charge, the verdict is a small one and on a careful examination of the whole record we do not find any reversible error to justify another trial.

The judgment is affirmed.