## Sudnik *v.* Susquehanna Coal Co., Appellant.

*Negligence—Master and servant—Mines and mining—Supports —Failure to furnish—Danger not obvious—Case for jury.*

In an action against a mining company to recover damages for injuries sustained by a miner in consequence of the fall upon him of a part of the roof of the mine at the place he was working, where it appeared that no timber had been supplied plaintiff for the support of the roof, that the danger was not obvious, that he had requested timber of the mine foreman and the mine superintendent, and had been told to go ahead with his work and that the timber would be sent, and three days thereafter had renewed his request and was told a second time to go ahead, and that the timber would be sent, but that no timber was furnished, in consequence of which the roof fell and the injury complained of resulted, the case was for the jury and a verdict for the plaintiff was sustained.

Collins v. Northern Anthracite Coal Co., 241 Pa. 55, followed.

Argued Jan. 26, 1917. Appeal, No. 361, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 780, on verdict for plaintiff, in case of Charles Sudnik v. Susquehanna Coal Company. Before Brown, C. J., Stewart, Moschzisker, Frazer and Walling, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Barratt, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*W. H. M. Oram* and *Henry A. Gordon,* with them *John Hampton Barnes,* for appellant.—Under the Act of June 2, 1891, P. L. 176, it was the duty of the employee to

notify the mine foreman of the necessity for props and timbers at least one day in advance and he cannot be held guilty of not furnishing them until a full day has expired after notice.

There was no indication of an unsafe condition of the roof of the mine; it was inspected and tested and showed every indication of being sound and safe: Rekiec v. Delaware & Hudson Co., 252 Pa. 439; Hall v. Simpson, 203 Pa. 146; Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Spees v. Boggs, 198 Pa. 112; Alexander v. Pennsylvania Water Co., 201 Pa. 252; Christner v. Cumberland & Elk Lick Coal Co., 146 Pa. 67; Snyder v. Penna. R. R. Co., 205 Pa. 619.

The plaintiff failed to prove that the defendant was guilty of the violation of the provisions of Article XI of the said act, or that it was guilty of negligence by reason of any failure to furnish mine props or timbers pursuant to the alleged demand of the plaintiff.

It is not required of a mine owner or operator as a part of his duty under the act that he shall have a supply of timber stored inside of the mine.

A mine foreman is not responsible for the proper support of the underground handings of a mine under his charge or control: Peters v. Vesta Coal Co., 243 Pa. 241; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Durkin v. Kingston Coal Co., 171 Pa. 193; Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Waddell v. Simoson, 112 Pa. 567; Reese v. Biddle, 112 Pa. 72; Delaware & Hudson Canal Co. v. Carroll, 89 Pa. 374; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432.

*Bertram D. Rearick,* for appellee.—The defendant violated the statutory requirements in failing to furnish props; this was negligence per se and renders the defendant liable for the injury sustained in consequence of such negligence: Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348; Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523; Kelliher v. Brown & Co., 242 Pa. 499;

Krutlies v. Bulls Head Coal Co., 249 Pa. 162; McCollum
v. Penna. Coal Co., 250 Pa. 27.

The plaintiff is entitled to recover because, as he endeavored to show, he made his demand for props or timbers on the mine foreman, and also upon the mine superintendent: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Dempsey v. Buck Run Coal Co., 227 Pa. 571; Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124.

OPINION BY MR. JUSTICE MOSCHZISKER, March 19, 1917:

The plaintiff recovered a verdict to compensate him for personal injuries alleged to have been caused by his employer's negligence; judgment was entered thereon, and the defendant has taken this appeal.

The various issues involved were submitted to the jury in a comprehensive charge, which is not complained of; but the appellant contends that, on the evidence, it was entitled to binding instructions, and now should have judgment non obstante veredicto.

A careful reading of the testimony has not convinced us that the case properly could have been withdrawn from the jury. When the evidence is viewed in the light most favorable to the plaintiff, as the verdict shows the jury looked upon it, a mind desiring only to do justice between the parties might find therefrom the following material facts: The plaintiff was a laborer in the employ of the defendant company; June 24, 1915, while working in the latter's colliery, he was injured by the fall of a large piece of hard material from the roof immediately over the place where he was mining; the dangerous condition at that point was in no sense obvious, and had the roof been supported by timbers placed thereunder in the manner usually pursued by miners, in order to insure safety, the plaintiff would not have been injured; there had been no timbers suitable for this purpose in or about the location in question for at least two weeks prior to the accident; three days before his injury, the plaintiff called at the office of defendant's general superintendent,

where the latter official and the mine foreman were together at the time, and asked for timber; the office where he made this application was the usual place for the purpose; the superintendent and foreman told the plaintiff "to go ahead" and they would send the timber to him; at the time he made this request he was working in shoot thirty-one, mining a "monkey heading," or air passage, into the adjoining shoot, thirty-two; no timber arrived, and on the day of the accident, while the plaintiff was working in No. 32, he again applied therefor, to the same two officials, being told a second time to "go ahead ......, we will send it"; he proceeded with his work, and a short time thereafter the accident occurred.

It is to be noted that, when the plaintiff first applied to the foreman and the mine superintendent, he did not specify timber to be used in shoot thirty-one, and there is nothing in the testimony to indicate that either of the latter so understood his request; apparently, he desired this material for use in the general locality where he was working, and, as already pointed out, the job at which he was engaged, from the time of the first request until the happening of the accident, was in or about shoots thirty-one and thirty-two and the passageway between them. With these facts in mind, we feel the evidence was quite sufficient to put the defendant's superintendent on notice that the plaintiff needed timber, and, thereunder, it was for the jury to say whether or not the renewed request on the day of the accident was enough to fix the superintendent with knowledge that the mine foreman had failed to comply with plaintiff's previous demand, made three days before. Under the facts in this case, Collins v. Northern Anthracite Coal Co., 241 Pa. 55, is a controlling authority, which the learned court below very properly followed.

The assignments of error are all overruled, and the judgment is affirmed.