## Kolalsky *v.* Delaware and Hudson Company, Appellant.

*Negligence—Mines and mining—Mine foreman—Act of June 2, 1891, P. L. 176—Superintendent—Failure to supply props—Promise to furnish—Res ipsa loquitur—Contributory negligence—Obvious danger—Assumption of risk — Emergency—Error of judgment.*

1. The Act of June 2, 1891, P. L. 176, providing for the appointment of mine foremen to have charge of anthracite coal mines, contemplates placing each separate mine in charge of a mine foreman, and to place several distinct mines, although together constituting one colliery, in charge of a single mine foreman and his assistants, is not a compliance with the terms of the act.

2. In an action to recover damages for personal injuries sustained by an employee of the owner of several anthracite coal mines, operated together as one colliery, through the fall of a portion of the roof, evidence that defendant's employee, whose negligence caused the accident, was in charge of several disconnected underground workings with separate openings into the surface, was properly submitted to the jury to determine whether such employee was a superintendent or a mine foreman.

3. In an action by a coal miner in defendant's employ to recover damages for personal injuries sustained through the fall of rock from the roof of a gangway into which plaintiff stepped to avoid an approaching car, it appeared that plaintiff had complained of the dangerous condition of the roof at this point, and at the time of the accident was awaiting the arrival of props with which to support the roof, before proceeding with his work; that the person to whom the complaint was made was in charge of several mines belonging to the defendant operated together as one colliery, but which mines had no underground connections and had separate openings into the surface; that this person, after inspection, told plaintiff there was no danger and plaintiff had no reason to antici-

pate the rock would fall, in absence of disturbance of the surrounding coal. Defendant contended that the person to whom the complaint was made was a mine foreman for whose negligence it was not liable. There was evidence that such person had been known as a superintendent and had employed and discharged workmen. *Held,* the court below properly submitted to the jury the questions of (1) defendant's negligence, (2) plaintiff's contributory negligence and (3) whether the person to whom complaint was made was a superintendent or a mine foreman.

4. Defendant's contention that, in absence of evidence that the test made by plaintiff's superior was insufficient, or negligently made, or that he might readily have discovered the danger by reasonable inspection, the mere falling of the rock is not sufficient to warrant the inference of negligence, will not prevail where plaintiff had given notice of the danger; in such case failure to provide props under the Act of 1891 is negligence per se.

5. As the danger was not imminent, plaintiff could not be held to have assumed the risk, but was justified in relying on the judgment of his superior; and as he had to act on an emergency, he should not be held responsible for an error of judgment.

Argued Jan. 14, 1918. Appeal, No. 197, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 4374, on verdict for plaintiff, in case of Aken Kolalsky v. Delaware and Hudson Company, a corporation. Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Staples, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $9,000 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of the court to enter judgment for defendant n. o. v.

*W. J. Torrey,* with him *Wm. A. Schnader* and *John Lewis Evans,* for appellant.—There is no evidence in this case from which the jury could find that James Tasker was superintendent of the mine or colliery. He was inside foreman of the mine and under the adjudicated cases

he is liable and not the company. In the absence of legal evidence that he was superintendent of the mine, the court should have entered judgment for the defendant n. o. v.: Durkin v. Kingston Coal Co., 171 Pa. 193; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Reeder v. Lehigh Valley Coal Co., 231 Pa. 563.

The court erred in holding that the facts in this case brought it within the case of Janosky v. The Lehigh Valley Coal Co., 241 Pa. 190, and that James Tasker was the foreman of more than one mine, which would be a violation of the Anthracite Mine Statute and rendered the company liable for the damages resulting from the injury to the plaintiff.

The accident was incident to the hazardous nature of the plaintiff's occupation and was one of the risks assumed by the plaintiff and, therefore, the court erred in refusing to enter judgment for defendant n. o. v.: Peters v. Vesta Coal Co., 243 Pa. 241; Dobra v. Lehigh Valley Coal Co., 250 Pa. 313.

There was no evidence of negligence on the part of the defendant: Sykes v. Packer, 99 Pa. 465; McKenna v. M. & W. H. Nixon Paper Co., 176 Pa. 306; Thorp v. Boudwin, 228 Pa. 165; Vanesse v. Catsburg Coal Co., 159 Pa. 403; Powell v. American Sheet & Tin Plate Co., 216 Pa. 618.

*John J. McDevitt, Jr.,* for appellee, cited: Bain v. Petroleum Co., 223 Pa. 96; Counizzarri v. Snyder, 252 Pa. 377; Pfeifer v. Allegheny Steel Co., 243 Pa. 256; Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; Brennan v. Meadow Lands Coal Co., 252 Pa. 178; McCollom v. Penna. Coal Co., 250 Pa. 27; Vanesse v. Catsburg Coal Co., 159 Pa. 403; Watson v. Monongahela River Cons. Coal & Coke Co., 247 Pa. 469; Collins v. Northern Anthracite Coal Co., 241 Pa. 55; Hood v. Connell Anthracite Mining Co., 231 Pa. 647; Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124; Webster v. Monongahela River Cons. Coal & Coke Co., 201 Pa. 278; Dobra v. Le-

high Valley Coal Co., 250 Pa. 313; Tomczak v. Susquehanna Coal Co., 250 Pa. 325; Brennan v. Meadow Lands Coal Co., 252 Pa. 178; Simmons v. Lehigh Valley Coal Co., 240 Pa. 354; O'Brien v. Penna. Coal Co., 237 Pa. 44; Crimmins v. Farquhar, 250 Pa. 569; Bowman v. Woolworth, 220 Pa. 527; Flaherty v. McClintic-Marshall Construction Co., 243 Pa. 580; Byers v. Y. & O. Coal Co., 230 Pa. 10; Ford v. Lehigh & Wilkes-Barre Coal Co., 258 Pa. 124; Susvar v. D., L. & W. R. R. Co., 232 Pa. 278; Sudnik v. Susquehanna Coal Co., 257 Pa. 226; Molesky v. South Fork Coal Mining Co., 247 Pa. 434.

OPINION BY MR. JUSTICE FRAZER, February 25, 1918:

Plaintiff, a coal miner in defendant's employ, was injured by a fall of rock from the roof of a gangway as he stepped from the car track to the side of the entry to avoid an approaching car. Plaintiff previously complained of the dangerous condition of the mine, and at the time of the accident was awaiting the arrival of props with which to support the roof at the place of the accident before proceeding with his work. The negligence charged was failure to furnish proper appliances and a reasonably safe place in which to work. The main points of issue raised at the trial were whether another employee named Tasker, to whom plaintiff had complained of the danger, and who had promised to supply the props, was defendant's superintendent or merely a mine foreman for whose negligence defendant would not be responsible, and, if superintendent, whether he was negligent in the performance of his duty to provide mine props after having been notified of the danger, and also if plaintiff was chargeable with contributory negligence. The trial judge refused defendant's motion for binding instructions in its favor and submitted the case to the jury, and, after verdict for plaintiff, defendant moved for judgment non obstante veredicto which motion was overruled, and from judgment entered on the verdict defend-

)

ant appealed, assigning for error the action of the court in refusing to enter judgment non obstante veredicto.

Defendant first contends there is a lack of evidence to sustain the finding that Tasker was superintendent of the mine. Plaintiff testified an employee named Curran was mine foreman, occupying the foreman's office at the mine, and that Tasker was superintendent with an office in the breaker to whom all reports of the men were made; that Tasker employed and discharged workmen, and had general charge of the mines and office. A witness for plaintiff testified he lived in the community and as a member of the county poor board had dealings with Tasker with reference to procuring employment, and he had always known Tasker as superintendent. Tasker himself stated he had full charge of the mines and breakers of the Coalbrook colliery, as these mines were called, and while he subsequently denied having charge of the breakers admitted the only persons over him in authority were the general superintendent located at Scranton at the general offices of defendant company, and the division mine foreman having general supervision over the interior workings of the mines in that division, which included the Coalbrook colliery and three others located within a radius of eight or nine miles. There was an outside foreman named Carter in charge of the breaker at the Coalbrook colliery, who must, therefore, have been subject to Tasker's orders. Tasker also testified to having an office outside the mine at the breaker and in fact two or three offices, and that he was the only person in authority located at the colliery. The outside work consisted in attending to breakers, office work and the transportation and preparation of coal for market. While there was a division outside foreman he was not located at the colliery; his authority, however, extended over the entire division. There is also testimony from witnesses produced by defendant that there were in the neighborhood of a dozen separate mines, or openings, in connection with the Coal-

brook colliery, extending over a radius of one mile, and not all connected underground. Two or three of these mines were in charge of a person termed an assistant certified foreman, each of whom held a foreman's certificate and was under the control of Tasker.

In view of this testimony it cannot be said as a matter of law that the evidence as a whole was insufficient to submit to the jury on the question whether Tasker was superintendent or merely a mine foreman. The trial judge, following Hood v. Connell Anthracite Mining Co., 231 Pa. 647, charged that Tasker having authority to hire and discharge men and direct the manner in which the entries should be driven and the mine developed, was not inconsistent with his position as mine foreman, nor was the fact he was called superintendent sufficient to make him one. Defendant's rights were thus safeguarded, and the trial judge could not have gone further without taking the question from the jury, to whom, under the evidence, it rightfully belonged: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204. While Tasker held a certificate as mine foreman, many of his duties and powers were consistent with those of a superintendent, which Article XVIII, of the Act of June 2, 1891, P. L. 176, defines as a "person who shall have, on behalf of the owner, general supervision of one or more mines or collieries." Tasker admitted having supervision of the various mines or openings constituting the Coalbrook colliery, and as several of these were without underground connection, being practically separate and distinct workings, placing them in charge of a single mine foreman and his assistants is not a compliance with the terms of the act which, under Janosky v. Lehigh Valley Coal Co., 241 Pa. 190, contemplates a foreman in each mine including all underground workings and excavations connected below the surface and operated by one general system of haulage and ventilation, but not including, disconnected and separate systems. While the testimony as to the extent of the underground workings

and their operation is meager, the fact that there were disconnected underground workings with separate openings, all subject to the supervision of Tasker, was evidence for the jury to consider in determining whether he was defendant's superintendent, and, as they found he acted in that capacity, it becomes unnecessary to decide whether the principles laid down in the case last cited are controlling here.

The jury having found that Tasker was superintendent, his negligence was also for their determination. On February 13th he took plaintiff to a part of the mine and marked out a space fifteen feet wide directing him to excavate to the depth of thirty feet for the purpose of installing a pump to remove accumulated water from the mine. Plaintiff testified that above one corner of the space so marked a rock projected some distance into the gangway, and to which he called Tasker's attention. The latter, after striking the rock with a pick, informed plaintiff it was "all right" and directed him to "go to work." Plaintiff worked that day without excavating near the projecting rock, and subsequently requested supports to avoid danger, to which Tasker replied that, although he saw no danger, props would be provided. In the meantime plaintiff ceased work, and three days later returned to the mine to learn if the supports had arrived. At the point in question he stepped to the side of the track to permit a car to pass when the rock complained of fell upon him, inflicting the injury for which this action was brought to recover compensation. Defendant contends that in absence of evidence that the test made by Tasker was insufficient, or negligently made, or that he might readily have discovered the danger by reasonable inspection, the mere falling of the rock is not sufficient to warrant the inference of negligence. This might be true except for plaintiff's notice to Tasker of the danger, and his request that props be provided. Under such circumstances defendant's duty is governed by the express provision of Article XI of the

Act of June 2, 1891, P. L. 176, which requires a mineowner, superintendent or foreman to provide props necessary for the safe mining of coal and protection of the lives of the workmen, and makes failure to do so negligence per se in an action for damages for injuries due to insufficient propping: Collins v. Northern Anthracite Coal Co., 241 Pa. 55. Neither can it be said as a matter of law that plaintiff was aware of the danger and assumed the risk when he voluntarily stepped under the overhanging rock. The danger he feared was the fall of the rock as a result of working around or near it. There is no evidence he had reason to anticipate the rock would fall in absence of a disturbance of the surrounding coal. At the time he reported its condition to Tasker, the latter informed him there was no danger, and directed that he proceed with his work. In absence of evidence tending to show the danger was obvious and imminent, he was justified in relying upon the superior judgment of Tasker and continuing his work in obedience to orders, and pursuant to the promise to provide supports: Protosenie v. Brothers Valley Coal Co., 251 Pa. 175; Moleskey v. South Fork Coal Co., 247 Pa. 434. Furthermore plaintiff was required to act in an emergency and should not be held responsible for an error of judgment. He testified to there being on the other side of the track a wire carrying an electric current into the mines, that the car was coming rapidly, and he considered the opposite side dangerous. Had he chosen the side on which the wire was strung and received injury in coming in contact with it, well might defendant argue he should have chosen the opposite side rather than run the risk of obvious danger.

The judgment is affirmed.