# Lynott, Appellant, *v.* Scranton Coal Co.

*Negligence—Mines and mining—Master and servant—Superintendent—Mine foreman—Furnishing props—Nondelegable duty—Fellow-servant—Act of June 2, 1891, P. L. 195.*

1. The duty of the owner, operator or superintendent of a coal mine to furnish timbers for support, may be committed by the terms of the Act of June 2, 1891, P. L. 195, to the mine foreman, and the owner be thus relieved from liability, but to no one else.

2. If the owner sees fit to put this matter in the hands of another employee, his liability continues, though the actual injury be in-

flicted by such coemployee, for the duty is nondelegable, except as permitted by the act.

3. In an action by a miner against his employer for personal injuries caused by failure to furnish supports, the plaintiff is entitled to show that the duty of furnishing timber had been placed on a fellow-servant of plaintiff, under the direction of the superintendent, and not on the mine foreman.

4. In such case the owner is liable for the acts of the one selected, although he was a fellow-servant of plaintiff.

Argued February 22, 1921.   Appeal, No. 212, Jan. T., 1921, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1916, No. 422, on verdict for defendant, in case of Martin J. Lynott v. Scranton Coal Co.   Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries.   Before MAXEY, J.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned,* among others, were (2) ruling on the evidence excluded, shown by the opinion of the Supreme Court, and (4) binding instructions for defendant, quoting them.

*John P. Kelly,* with him *C. A. Battenberg* and *Joseph O'Brien,* for appellant.—We believe the case is squarely within the ruling of Reeder v. Lehigh Valley Coal Co., 231 Pa. 563.

The Reeder case is followed in the case of Rau v. Pittsburgh-Buffalo Company, 54 Pa. Superior Ct. 579.

Where the negligence charged and proven is the disregard of a statutory duty, the defense of assumption of risk is not open to defendant: McCollom v. Pa. Coal Co., 250 Pa. 27.

*David J. Reedy,* with him *James E. Burr,* for appellee.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

The plaintiff, a miner, employed by the defendant company, was injured by a fall of coal on August 8, 1914, and brought an action to recover damages. In his statement, he asserted liability on several grounds, one of which was the failure to supply supports for the roof of the chamber in which he was working. At the trial it was proposed to prove that the duty of furnishing props had been placed, by the rules of the mine, in the exclusive charge of the witness Langan; an unfulfilled promise made by him to supply the timber requested by the plaintiff; and, as a result, the falling of the coal, and the injury complained of. The court below sustained objection made; no further testimony was presented, and a verdict for the defendant was directed. After the entry of judgment, the plaintiff took this appeal.

The first question raised is the liability of defendant company under the Anthracite Mine Act, assuming the facts to be as set forth in the offer. This renders necessary an inquiry into the duties cast, under that legislation (Act June 2, 1891, P. L. 195), upon those having control. "The term superintendent means the person who shall have, on behalf of the owner, general supervision of one or more mines or collieries" (art. 18, P. L. 207); the mine foreman has charge of the underground workings (art. 12, P. L. 195), is a person whose competency is certified to by the State, and to whom broad powers have been delegated. When the work has been committed to his charge, as permitted by the act, the owner is not ordinarily responsible for injuries which occur from negligent performance of his duties: Golden v. Mount Jessup Coal Co., 225 Pa. 164; Watkins v. Lehigh C. & N. Co., 240 Pa. 419; Durkin v. Kingston Coal Co., 171 Pa. 193; Cossette v. Paulton Coal Mining Co., 259 Pa. 520. There are instances in which the owner remains liable, notwithstanding such employment. For example, where there has been a failure to properly instruct employees (Bogdanovicz v. Susque-

hanna Coal Co., 240 Pa. 124); to protect the passage-
ways of the mine (Dobra v. Lehigh Valley Coal Co., 250
Pa. 313; Watson v. Monongahela River Coal & Coke Co.,
247 Pa. 469); to take proper precautions after notice of
the foreman's default (McCollom v. Penna. Coal Co.,
250 Pa. 27; Collins v. Northern Anthracite Coal Co.,
241 Pa. 55; Sudnik v. Susquehanna Coal Co., 257 Pa.
226); or other threatened dangers: Kolalsky v. Dela-
ware & Hudson Co., 260 Pa. 357; Protosenia v. Brothers
Valley Coal Co., 251 Pa. 175; Moleskey v. South Fork
Coal Mining Co., 247 Pa. 434. The same rule of liability
is applied where the work is without the scope of the
duties of the mine foreman. "The owner can claim the
protection of the law so far as he complies with its pro-
visions. If the mine owner elect to take certain parts
of the machinery and appliances out of the charge of the
mine foreman and exercise direct supervision through
the superintendent over the same, the law will not give
him the protection he would otherwise be entitled to if
all of the underground workings had been committed to
the care and supervision of a properly certified mine
foreman": Reeder v. Lehigh Valley Coal Co., 231 Pa.
563, 576; Rau v. Pittsburgh Buffalo Co., 54 Pa. Superior
Ct. 579 (under the Bituminous Coal Acts of May 15,
1893, P. L. 52, and June 9, 1911, P. L. 756).

The act with which we are dealing (June 2, 1891, art.
11), makes it "the duty of the owner, operator, superin-
tendent or mine foreman of every mine to furnish to the
miners all props, ties, rails and timber necessary for the
safe mining of coal and for the protection of the lives of
the workmen." Requests for such materials, when nec-
essary, are to be made to the "mine foreman or his as-
sistant." The owner would not, therefore, be liable for
injury arising from the failure to supply props, where
the service had been committed to such person (Musin
v. Pryor Coal Co., 68 Pa. Superior Ct. 88—under the Bi-
tuminous Coal Act), unless he has been notified of the
default and fails to make proper efforts to protect the

employees.   In the present case, the offer was not only to show such notice, but a rule of the company by which all matters relating to the props were placed in the hands of a designated person, named and controlled by the superintendent.   The testimony proposed was sufficiently broad to establish liability, if proven, unless some other legal obstacle to a recovery appears.

It is further urged that the evidence offered was insufficient because it appeared that the negligence was that of Langan.   The learned court below was of the opinion that the facts indicated he was a fellow-servant, for whose wrongful act, resulting in harm to a coemployee, the owner would not be liable.   Many cases are to be found, under somewhat similar facts, where the relationship of the parties was held to be such, and the rule suggested was applied (Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Bradbury v. Kingston Coal Co., 157 Pa. 231; O'Donnell v. P. & R. C. & I. Co., 249 Pa. 497) ; but an examination of the decisions referred to, and others of like import, will show the injurious act to have been caused by the negligent performance of some delegable duty.   Where one, though not a vice-principal, is entrusted with the carrying out of some imperative or absolute obligation, the employer is not relieved of liability though the person injured was a fellow-servant: Furman v. Broscious, 268 Pa. 119; Prevost v. Citizens Ice Co., 185 Pa. 621.

The duty of the owner, operator or superintendent to furnish timbers, already noticed, may be committed, by the terms of the act, to the mine foreman, and the owner be thus relieved of responsibility; but to no one else does the statute permit this obligation to be transferred.   If he sees fit to put this matter in charge of the superintendent, or other employee, his liability continues, though the actual injury be inflicted by a coemployee, for the duty is nondelegable, except as permitted by the Mine Act: Wolcutt v. Erie Coal & Coke Co., 226 Pa. 204; cf. McCollom v. Penna. Coal Co. supra; Dobra v.

Lehigh Valley Coal Co., supra.  In the present case, the offer was to show the duty of furnishing timber had been placed on Langan, under the direction of the superintendent, and not on the mine foreman.  Under such circumstances, the owner was liable for the acts of the one selected, though he was a fellow-servant of the one injured.

The testimony offered should have been received.  It follows that the verdict rendered, and the judgment based thereon, must be set aside.

The judgment is reversed with a venire facias de novo.