# PHILADELPHIA & READING COAL & IRON CO. v. KEVER.

(Circuit Court of Appeals, Third Circuit. March 5, 1925.)

No. 3153.

**Master and servant ⬅⇒95½—Under Pennsylvania law mine owner held not liable for negligence of foreman.**

Under Mining Law Pa. June 2, 1891, art. 11, § 1 (P. L. 194; Pa. St. § 15150), providing that requests by miners for props, ties, rails, or timbers, necessary for safe mining of coal, shall be made to the mine foreman or his assistant, whose duty it is made to furnish the same, as the statute is construed by the Supreme Court of the state, the owner is not responsible for an injury resulting from the negligent failure of the foreman to perform such duty, of which it had no knowledge or notice.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, District Judge.

Action at law by Katherine Kever, widow of George Kever, deceased, on behalf of herself and children, against the Philadelphia & Reading Coal & Iron Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 274 F. 483.

Wm. Clarke Mason, of Philadelphia, Pa., for plaintiff in error.

Frank F. Davis, of New York City, for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Mrs. Katherine Kever, a citizen of New York state, on behalf of herself and children, brought suit against the Philadelphia & Reading Coal & Iron Company to recover damages for the death of her husband, George Kever, caused, as she alleged, by the negligence of the coal company. On the trial of the cause, the defendant asked for binding instructions in its favor, on the ground that the proofs showed no negligence on the part of the coal company. This point the court refused, and such refusal, together with other rulings not here necessary to detail, were assigned for error.

In the final analysis the case centers on the alleged negligence of the coal company in not furnishing Kever a coal miner with proper pit posts or supports and siding boards, in compliance with the mining laws of Pennsylvania. As to the duty of the company, Act June 2, 1891, art. 11, § 1 (P. L. 176; Pa. St. 1920, § 15150), provides:

"It shall be the duty of the owner, operator, superintendent or mine foreman of every mine to furnish to the miners all props, ties, rails and timbers necessary for the safe mining of coal and for the protection of the lives of the workmen. Such props, ties, rails and timbers shall be suitably prepared, and shall be delivered to the workmen as near to their working places as they can be conveyed in ordinary mine cars, free of charge."

Without entering into a description of the work in which George Kever was employed when he met his death, it suffices to say it necessitated the company supplying, and Kever using, pit posts and siding boards to build a manway alongside of an inclined chute down which the mined coal passed. The company had an abundant supply of such posts and boards on hand in its timber yard, but there was evidence on the part of the plaintiff that the posts and siding boards needed by Kever were not supplied him at his place of work. It was therefore contended that the failure of the mine foreman to furnish such supplies constituted negligence on the part of the company. On the other hand, it was urged by the defendant, and the court was asked to so charge, "that under the facts in this case it was the duty of the mine foreman and his assistant fire boss to see to it that suitable props and timbers were available for use by George Kever in working breast 88, and, if the failure to have sufficient timbers available was a contributing cause to the accident to George Kever, the negligence, if any, was the negligence of those for whose acts the defendant was not responsible, and your verdict should therefore be for the defendant."

Under the mining statutes of Pennsylvania, and the decisions of the Supreme Court construing and applying such statutes, we are of opinion defendant was entitled to an unqualified affirmance of such request to charge. Without discussing the several cases decided by that court, it suffices to refer to its latest pronouncement, which is found in Lynott v. Scranton Coal Co., 269 Pa. 554, 112 A. 741. Construing the state mining laws, the court there say: "The mine foreman has charge of the underground workings (article 12, P. L. 195), is a person whose competency is certified to by the state, and to whom broad powers have been delegated. When the work has been committed to his charge, as permitted by the act, the owner is not ordinarily re-

sponsible for injuries which occur from negligent performance of his duties. * * * The act with which we are dealing (Act June 2, 1891, art. 11), makes it 'the duty of the owner, operator, superintendent or mine foreman of every mine to furnish to the miners all props, ties, rails and timber necessary for the safe mining of coal and for the protection of the lives of the workmen.' Requests for such materials, when necessary, are to be made to the 'mine foreman or his assistant.' The owner would not, therefore, be liable for injury arising from the failure to supply props, where the service had been committed to such person (Musin v. Pryor Coal Co., 68 Pa. Super. Ct. 88, under the Bituminous Coal Act), unless he has been notified of the default and fails to make proper efforts to protect the employees."

Such being the law of Pennsylvania as declared by its highest court, and the point quoted embodying the same, the court below erred in not so charging, and its judgment is reversed.